374 P.2d 871

STATE of Arizona, Appellee,

v.

James R. HERON and Chuck O. Lee, Appellants.

No. 1272.

Supreme Court of Arizona.

En Banc.

Oct. 3, 1962.

Stockton & Hing, Phoenix, for appellant Chuck O. Lee.

Robert W. Pickrell, Atty. Gen., and Phillip M. Haggerty, Asst. Atty. Gen., for appellee.

PER CURIAM.

A motion by the State of Arizona to dismiss the appeal of Chuck O. Lee, whereby appellant, Chuck O. Lee, was convicted in Superior Court on five counts of a felony indictment. He was placed on probation for one year on two of the counts and three years on the other three.

Lee filed a timely notice of appeal from the judgment of guilty. The State has made this motion to dismiss the appeal on the ground that when the imposition of a sentence has been suspended there can be no appeal because only a sentence can be a final judgment. If there is no final judgment there is nothing to appeal from. The State has referred us to Barnes v. State, 20 Ariz. 183, 178 P. 780 and Brooks v. State, 51 Ariz. 544, 78 P.2d 498, 117 A.L.R. 925 in support of its position.

The policy expressed by the cases holding the sentence is the judgment seems to be that the defendant should be grateful he is not behind bars. He cannot appeal from his conviction because he is better off than he might be. If he wants to test his conviction he must give up his freedom and appeal from his cell.

This Court does not take so harsh an attitude. Conviction of a felony strips one of his right to vote and his right to work at various jobs for which a license is required.

One who is placed on probation is subjected to an authorized mode of mild and ambulatory punishment, the probation being intended as a reforming discipline. In either case the defendant is worse off than he would be had he not been convicted.

We hold, therefore, that the judgment of guilty provided for in Rules 321, 322 and 324, Rules of Criminal Procedure, 17 A.R.S. is a final judgment from which an appeal may be taken even though the sentence or the imposition of sentence may have been suspended. The defendant must, of course, file a timely notice of appeal and abide by the other procedures set out for the prosecution of appeals. He may not take the benefit of his probation and hold off on his appeal until, for instance, his probation is revoked.

The State has relied on Birnbaum v. United States (4th Cir.) 107 F.2d 885 and United States v. Lecato (2nd Cir.) 29 F.2d 694. We point out that both of these cases were overruled by Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497.

Barnes v. State, supra, and Brooks v. State, supra, are overruled so far as they are inconsistent with this opinion.

Motion denied.