408 P.2d 237

**The STATE of Arizona, Appellee,**
v.
**Larry E. BYRD, Appellant.**
**No. I CA–CR 36.**

Court of Appeals of Arizona.
Dec. 1, 1965.

---

Darrell F. Smith, Atty. Gen., by Gary Nelson, Asst. Atty. Gen., for appellee.

William H. (Rod) Wood, Phoenix, for appellant.

DONALD DAUGHTON, Judge of the Superior Court.

Appellant was charged, tried and found guilty by a jury, of two counts of the crime of unlawfully killing livestock of another, a felony, in violation of A.R.S. Section 24-246. The judgment of guilty on each count was pronounced by the trial court on April 23, 1963. The imposition of sentence was suspended and the appellant was placed on probation for a period of five years on terms of probation as set down by the trial court. No notice of appeal was filed by the appellant within sixty days of the date of the rendition of judgment of guilty. On January 12, 1965, the trial court ordered revocation of probation and sentenced appellant to be confined in the Arizona State Prison for not less than four years nor more than five years, the sentence to date from January 12, 1965. On March 11, 1965, a notice of appeal was filed on behalf of the appellant.

It is the position of the appellant that, at the time of his arrest, he was denied his constitutional right to the assistance of counsel as defined in the case of Escobedo v. State of Illinois, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964). The first question we must decide, however, is whether appellant perfected a timely appeal. The Supreme Court of the State of Arizona in the case of State of Arizona v. Heron, 92 Ariz. 114, 374 P.2d 871 (1962), stated in applicable part at page 871 of the Pacific Reports:

> "We hold, therefore, that the judgment of guilty provided for in Rules 321, 322 and 324, Rules of Criminal Procedure, 17 A.R.S. is a final judgment from which an appeal may be taken even though the sentence or the imposition of sentence may have been suspended. The defendant must, of course, file a timely notice of appeal and abide by the other procedures set out for the prosecution of appeals. He may not take the benefit of his probation and hold off on his appeal until, for instance, his probation is revoked."

We hold that the appellant did not perfect a timely appeal and, therefore, this Court is without jurisdiction in this proceeding, to determine the constitutional question presented by the appeal.

Judgment affirmed.

CAMERON, Acting C. J., and DONOFRIO, J., concur.

NOTE: Chief Judge HENRY S. STEVENS having requested that he be relieved from consideration of this matter, Judge DONALD DAUGHTON was called to sit in his stead and participate in the determination of this decision.