486 P.2d 777
**STATE of Arizona, Appellee,**
v.
**Raymond A. OSBORN, Appellant.**
**No. 2132.**

Supreme Court of Arizona,
In Banc.
July 9, 1971.

Gary K. Nelson, Atty. Gen., by William P. Dixon, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, by James H. Kemper, Deputy Public Defender, Phoenix, for appellant.

HAYS, Vice Chief Justice.

On June 19, 1968 the trial court entered a judgment of guilt and order that the de-fendant be placed on probation for five years. This judgment resulted from a jury verdict finding the defendant guilty of the sale of marijuana.

On January 12, 1970 the defendant had his probation revoked and he was sentenced to serve not less than five nor more than five years and one day in the Arizona State Penitentiary. On January 22, 1970 the defendant filed his notice of appeal. Thereafter, the Public Defender was appointed to represent the defendant on his appeal.

Two questions are presented in appellant's (defendant's) opening brief. Both of these questions contend that errors were committed by the trial court in the trial of the case. There are no issues raised appealing from the sentence nor from the revocation of probation.

We are aware that the Court of Appeals in State v. Veres, 7 Ariz.App. 117, 436 P. 2d 629 (1968) [Review Denied], has indicated that appeal may be taken after revocation of probation even though no appeal had been taken from the judgment of guilt within sixty days from the date of the entry of the judgment of guilt. In reaching that result the Court of Appeals overruled State v. Byrd, 2 Ariz.App. 304, 408 P.2d 237 (1965), and found the following language in our case, State v. Heron, 92 Ariz. 114, 374 P.2d 871 (1962), to be dictum: "He may not take the benefit of his probation and hold off on his appeal until, for instance, his probation is revoked." 92 Ariz. at p. 114, 374 P.2d at p. 871.

■ We do not find a problem in the language of Criminal Rule 348, 17 A.R.S. which warrants such a holding. The proper administration of justice requires that an appeal from the judgment of guilt be taken with dispatch. After the revocation of probation the defendant could have appealed from the sentence imposed or any issues raised by the revocation of his probation. We hold, however, that an appeal from the judgment of guilt must be taken within sixty days after a judgment of guilt and probation is entered and that the sus-

pension of the sentence in nowise extends the time for filing such appeal.

Appeal dismissed.

STRUCKMEYER, C. J., and UDALL, LOCKWOOD and CAMERON, JJ., concur.