496 P.2d 588

**The STATE of Arizona, Appellee,**

v.

**Lavis WARD, Appellant.**

**No. 2137.**

Supreme Court of Arizona,
In Division.

May 3, 1972.

Gary K. Nelson, Atty. Gen. by William P. Dixon and James D. Winter, Asst. Attys. Gen., Phoenix, and Joel Finer, Tucson, of counsel for appellee.

O'Dowd, Fahringer & Diamos by Clay G. Diamos, Tucson, for appellant.

CAMERON, Vice Chief Justice.

This is an appeal from a jury verdict and judgment of guilty to the crime of robbery while armed with a gun, §§ 13–641 and 13–643, subsec. B, A.R.S. On 22 August 1969, defendant was placed on probation and the imposition of sentence was suspended for five years, § 13–1657, subsec. A, par. 1, A.R.S. The probation was subsequently revoked and defendant, on 12 January 1969, was sentenced to five to seven years in the Arizona State Prison.

The case presents only one question on appeal: If a defendant is adjudged guilty and placed on probation, and his probation is subsequently revoked, may he then appeal from the original verdict and judgment of conviction, even though the time for appeal under Rule 348, Rules of Criminal Procedure, 17 A.R.S., has run out?

The facts necessary for a determination of this matter are as follows. Petitioner was adjudged guilty of robbery on 22 August 1969, at which time imposition of sentence was suspended and he was placed on probation. He did not appeal from this judgment or sentence within the sixty days as set forth by Rule 348, Rules of Criminal Procedure, 17 A.R.S. On 12 January 1970 his probation was revoked at a proper hearing. On 19 February 1970, he filed his notice of appeal from the "judgment and conviction made and entered in the above-entitled case in the superior court of Pima County on the 22nd day of August, 1969, and/or from the sentence made and entered in the above-entitled case in the superior court of Pima County on the 12th

day of January, 1970." Defendant's brief presents no question concerning the revocation of probation and sentencing thereunder.

This court, after the filing of the briefs in this case, decided the issue at hand.

" * * * The proper administration of justice requires that an appeal from the judgment of guilt be taken with dispatch. After the revocation of probation the defendant could have appealed from the sentence imposed or any issues raised by the revocation of his probation. We hold, however, that an appeal from the judgment of guilt must be taken within sixty days after the judgment of guilt and probation is entered and that the suspension of the sentence in nowise extends the time for filing such appeal." State v. Osborn, 107 Ariz. 295, 295–296, 486 P.2d 777, 777–778 (1971).

Appeal dismissed.

HAYS, C. J., and HOLOHAN, J., concur.