514 P.2d 1039

**STATE of Arizona, Appellee,**

v.

**James Robert MILLER, Appellant.**

No. 2256.

Supreme Court of Arizona,
In Division.

Oct. 11, 1973.

Gary K. Nelson, Atty. Gen. by Albert M. Coury, Former Asst. Atty. Gen., and William P. Dixon, Asst. Atty. Gen., Phoenix, Sidney Wolitzky, Third Year Law Student, University of Arizona, for appellee.

Ross P. Lee, Maricopa County Public Defender by Anne Kappes, Deputy Public Defender, Phoenix, for appellant.

HOLOHAN, Justice.

James Robert Miller appeals his conviction of sale of marijuana after a plea of guilty, and his sentence of from 5 to 8 years imprisonment following revocation of probation.

The issues presented are:

(1) Was the plea of guilty validly accepted?

(2) Was the defendant afforded sufficient notice of the charges against him for revocation of probation?

(3) Did the defendant have the effective assistance of counsel at his revocation hearing?

The defendant Miller pled guilty to an information charging sale of marijuana. The trial court accepted his plea, found him guilty and suspended imposition of sentence for three years and placed the defendant on probation for that period. The defendant did not appeal at that time. Approximately one year later he was arrested for burglary, and a proceeding to revoke his probation was held which resulted in his probation being revoked and sentence of confinement being imposed. He brings this appeal challenging not only the revocation procedure, but also challenging his original guilty plea.

We have held that failure to bring an appeal within the 60-day time limit prescribed by Rule 348, Rules of Criminal Procedure (1956) 17 A.R.S., forecloses a subsequent appeal of the original matter following the revocation of probation. State v. Osborn, 107 Ariz. 295, 486 P.2d 777 (1971); State v. Ward, 108 Ariz. 288, 496 P.2d 588 (1972). A consideration of any alleged defect in the plea of guilty is foreclosed, and we will not consider any issue arising out of the original judgment on the plea of guilty.

The remaining issues concerning the revocation of probation will be considered together.

The record shows that after being informed by the defendant's probation officer that defendant had been arrested on a burglary charge, the trial court ordered the issuance of a bench warrant and set a hearing date. At the time of the revocation hearing, the trial court formally advised the defendant that he was accused of violating the terms of his probation by having committed the crime of burglary. The deputy public defender representing the defendant had no prior knowledge of the case because of an apparent office mix-up:

"MR. DAUGHERTY: Incidentally, I want to apologize for our office. I don't know what became of Mr. Ritchie, he was supposed to be here today."

The attorney for the defendant was apparently unfamiliar with the case at the beginning of the hearing, but he did not ask for any delay in the proceeding other than for a short period to confer with the defendant. After the state's evidence was presented, defense counsel asked, and was given, time to confer with the defendant, and defense counsel also asked, and was given, time to consult with a psychologist who was counseling the defendant in an outpatient program for drug addicts. The record disclosed that defense counsel cross-examined the prosecution witness, presented matters in mitigation to the court, and assisted the defendant in his plea to the court for continuation of probation.

The record shows that the defendant was in custody on the burglary charge at the time of the revocation hearing. He was advised by the trial court prior to the hearing of evidence, in part as follows:

"And you have heard my statement that I now have a report from Mr. Oviedo, your probation officer, that you have

violated the terms of that probation by being arrested and having actually committed a crime of burglary recently in this city of a residence, and you were arrested by the person then residing in that residence at gunpoint and there were police officers out in front who had followed you to that residence, and you were then arrested."

There is no doubt that the defendant was advised and was aware of the alleged grounds for revocation of his probation. He had ample notice of the matter with which he was accused and which would be presented at the hearing.

The evidence at the hearing on revocation established a clear case of burglary by the defendant. Specifically, the facts showed that the defendant had been apprehended in the very course of the burglary of a home; that he had been shown to have forced the door to the home and was caught in the course of attempting to take a stereo unit from the home.

The procedure followed by defense counsel in this case is not condoned, and we disapprove it. Clearly more time should have been spent by defense counsel on the case with his client, but we are compelled to the conclusion from the facts in the case that the result would have been the same. Neither the defendant nor appellant counsel have indicated to us anything more which could have been done for the defendant than was done. The representation of the defendant at the hearing did not fall below the standard required by law. State v. Brookshire, 107 Ariz. 21, 480 P.2d 985 (1971).

The judgment of the superior court is affirmed.

HAYS, C. J. and LOCKWOOD, J., concur.