515 P.2d 896

**CITY OF DOUGLAS, Arizona, a municipal corporation, Appellant,**

v.

**CITY OF SIERRA VISTA, Arizona, a municipal corporation, Appellee.**

No. 2 CA–CIV 1440.

Court of Appeals of Arizona, Division 2.

Nov. 15, 1973.

Rehearing Denied Dec. 11, 1973.

Review Denied Jan. 15, 1974.

Ramon R. Alvarez, Douglas, for appellant.

Wesley E. Polley, Bisbee, and Alan K. Polley, Sierra Vista, for appellee.

OPINION

HOWARD, Judge.

This is an appeal from a summary judgment in favor of appellee Sierra Vista. The facts of the controversy are as follows. In February of 1971, the City of Sierra Vista enacted Ordinance No. 149 annexing the Fort Huachuca Military Reservation. The annexation petition was signed by two corporations, Tucson Gas & Electric Company and Mountain Bell Telephone Company. None of the approximately ten thousand inhabitants of the Fort Huachuca Military Reservation signed the petition.

The petition for annexation contained an error in the description of parcel two to be annexed. The error in the metes and bounds description consisted of a "call" being labeled "SW" instead of "SE" in section 19 and "NW" instead of "NE" in section 4.

The appellant City of Douglas filed this action as provided for by A.R.S. § 9–471(C) along with the city of Bisbee, the city of Willcox and the town of Huachuca City. The City of Douglas alone appealed from the summary judgment.

Appellant contends that the judgment of the trial court should be reversed because A.R.S. § 9–471 is unconstitutional in that it abridges the right to petition in contravention of a First Amendment of the United States Constitution. We need not decide the constitutionality of A.R.S. § 9–471 for appellant lacks standing to raise the issue. In the past, a person had standing to raise constitutional issues only when his own rights were affected. Tileston v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943). The concept of standing has been expounded upon in recent years by the Supreme Court of the United States. In the case of Flast v. Cohen, 392 U.S. 83, 88 S.Ct. 1942, 20 L.Ed.2d 947 (1968), the Supreme Court stated:

" . . . the question of standing is related only to whether the dispute sought to be adjudicated will be presented in an adversary context and in a form historically viewed as capable of judicial resolution. It is for that reason that the emphasis in standing problems is on whether the party invoking federal court jurisdiction has 'a personal stake in the outcome of the controversy,' Baker v. Carr, supra, 369 U.S. [186] at 204, 82 S.Ct. [691] at 703, [7 L.Ed.2d 663], and whether the dispute touches upon 'the legal relations of parties having adverse legal interests.' [Citation omitted]." 88 S.Ct. at 1953.

We have doubts as to whether appellant has a "personal stake in the outcome of the controversy." The "stake" which Douglas asserts is that if Sierra Vista is allowed to complete the annexation, Douglas will receive a proportionately smaller share of the sales tax revenue which the State distributes to cities on the basis of population. However, assuming arguendo, that Douglas does have a "stake" it fails to meet the other requisite of standing.

Douglas has failed to show that "the interest sought to be protected by the complainant is arguably within the zone of interests to be protected or regulated by the statute or constitutional guarantee in question." Data Processing Service v. Camp, 397 U.S. 150, 90 S.Ct. 827, 25 L.Ed.2d 184 (1970). Douglas' interest in a few more tax dollars is not within the zone of interests protected by the First Amendment right to petition.

Douglas further contends that Sierra Vista failed to comply with the provision of A.R.S. § 9–471 because of the mistake in the "calls" in the description of the territory to be annexed. A.R.S. § 9–471 provides, in part:

"The petition submitted to the owners of property for their signature shall set forth a *description* of all the exterior boundaries of the entire area proposed to be annexed to the city or town. The petition shall have attached to it at all times an *accurate* map of the territory desired to be annexed." (Emphasis added)

It should be noted that the metes and bounds description of the territory to be annexed was followed by this written description:

" 'The two parcels hereinbefore described constitute the contiguous military reservation of Ft. Huachuca and contain approximately 73,377 acres.'

And the language:

'See attached map for area described.' "

Appellant makes no contention that an accurate map did not accompany the petition. It maintains that the mistake in the "calls" is enough to invalidate the annexation proceedings. With this contention we cannot agree. "Absolute and literal compliance with a statute enacted describing the conditions of annexation are unnecessary; substantial compliance only is required." State v. Town of Benson, Cochise County, 95 Ariz. 107, 387 P.2d 807 (1963). We find this case analogous to McCune v. City of Phoenix, 83 Ariz. 98, 317 P.2d 537 (1957) in which our Supreme Court said:

"There are one or two possible minor deviations but we think from the de-

scriptions, the map, and the testimony in explanation thereof, the boundaries to be annexed can be accurately determined."

The judgment of the trial court is affirmed.

HATHAWAY, C. J., and KRUCKER, J., concur.