518 P.2d 118

STATE of Arizona, Appellee,

v.

Thomas Patrick INGLES, Appellant.

No. 2642.

Supreme Court of Arizona,
En Banc.

Jan. 25, 1974.

Gary K. Nelson, Atty. Gen., by William J. Schafer, III, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by Richard L. Thompson, Deputy Public Defender, Phoenix, for appellant.

Thomas Patrick Ingles, in pro per.

HAYS, Chief Justice.

Appellant was tried and convicted for the crime of sale of narcotic drugs and also entered a plea of guilty to second degree burglary. On January 25, 1972, appellant was given a five-year suspended sentence on each judgment. On October 10, 1972, probation was revoked as to the sale of narcotic drugs and appellant was sentenced to serve a term from ten to fifteen years in the state prison. This appeal concerns the conviction for the sale of narcotic drugs and the subsequent revocation of appellant's probation.

We turn to appellant's first issue: That the court abused its discretion in revoking probation. A reading of the record persuades us that this contention is without merit. On September 26, 1972, a preliminary order revoking probation was issued and the order set forth grounds why the court had reason to believe that appellant had violated the terms of probation. A copy of said order was also sent to appellant's counsel. On the same day, a bench warrant was issued and served on appellant. The revocation hearing was held on October 10, 1972. This is almost a two-week span between the issuance of the revocation order and the revocation hearing. This time period suffices as adequate notice to appellant as to the grounds for revocation of probation. If more time was needed by appellant, it was incumbent upon counsel to request such from the court. In the instant case, "[t]here was no request for additional time to meet the specific matters raised by the court." State v. Ferguson, 109 Ariz. 254–255, 508 P.2d 330–331 (1973).

Further, we find no abuse of discretion in the revocation of probation. Appellant admitted that he had been picked up for breaking into a place where medical supplies are kept. A.R.S. § 13–1657(B), as amended, requires only that the court have reason to believe the probationer has violated the terms of probation. Appellant's admission of his failure to abide by the terms of probation were sufficient cause for revocation. State v. Jackson, 16 Ariz. App. 476, 494 P.2d 376 (1972).

Appellant also seeks to have new counsel appointed for his appeal. Appellant was represented by court-appointed counsel at his trial due to a conflict of interest within the Public Defender's office. For the purpose of appeal, counsel from the Public Defender's office was appointed to represent appellant. Appellant seeks the removal of the Public Defender on the basis that the conflict of interest existing at trial also exists on appeal. We disagree and reject appellant's request. The Public Defender pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), has filed a brief raising what counsel believes to be arguable issues of law and fact. There are simply no circumstances set forth in the record of this case that merit dismissal of counsel.

While this appeal concerns the order revoking probation, appellant has also sought to take an appeal from his original conviction for the sale of narcotic drugs. Such a tactic is precluded by our decision in State v. Ward, 108 Ariz. 288, 496 P.2d 588 (1972). If it is true, as appellant asserts, that he was not informed of his right to appeal his conviction, the remedy of which he may avail himself is that of a delayed appeal pursuant to Rule 16(a), Rules of the Supreme Court.

Accordingly, we do not reach the issue of the trial court's alleged failure to inform appellant of his right to appeal.

Motion for Dismissal of counsel is denied, and the order revoking appellant's probation and the sentence imposed are affirmed.

CAMERON, V. C. J., and STRUCKMEYER, LOCKWOOD and HOLOHAN, JJ., concur.