557 P.2d 165

**STATE of Arizona, Appellee,**

v.

**Martha J. MALORY, Appellant.**

No. 3614.

Supreme Court of Arizona,

En Banc.

Nov. 3, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer, III, and Lynn Hamilton, Asst. Attys. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender by H. Allen Gerhardt, Jr., Deputy Public Defender, Phoenix, for appellant.

HAYS, Justice.

Martha Malory, appellant, was indicted in April, 1975, on ten counts of embezzlement of money from her employer, Minnesota Title Company. A trial to the court in December, 1975, resulted in her conviction on all ten counts. She was sentenced in January, 1976, to five years to seven and one-half years on the first count and the same on counts two through ten. Although the sentences on counts two through ten were to be served concurrently, they were all to be served consecutively to the sentence on count one. This timely appeal followed. We have jurisdiction pursuant to 17A A.R.S. Supreme Court Rules, rule 47(e)(5).

Appellant's position with the title company was "Assistant Trust Accounting Clerk" and her job, according to the testimony of the company's senior trust officer, was handling "Builders Control Accounts." Such accounts were established by contract between a builder, a mortgagee and Minnesota Title for the purpose of disbursing money to the builder's subcontractors at various intervals during a construction period.

Appellant's specific duties with regard to these accounts were bookkeeping, filling out blank checks with the necessary information for disbursement and actually disbursing the checks to the proper payees. The only authority she did not have was to sign the checks; that had to be done by a trust officer. With regard to this step, the senior trust officer testified:

"Q. The practice of getting authorized signatures by the trust officers . . . did this form as kind of a check on the Defendant's activities or disbursement of funds or was it a rubber stamp or what?

"A. It's more of a rubber stamp situation because we have anywhere from two to three hundred checks going through every day. . . .

"Q. So, the disbursement of these funds was effectively within the control of the Defendant?

"A. Yes."

Similar testimony was given repeatedly by several other trust officers who had signed the checks in question at the behest of appellant.

What appellant actually did was make out a blank check for a sum of money to be paid to "Office Services," a fictitious entity, obtain the signature of an unquestioning trust officer, then add "M. J. Malory" to the payee line. In this way, she managed to steal over $17,000.00 from her employer.

Appellant's first contention is that the evidence at trial was insufficient to sustain a conviction for embezzlement. More specifically, she alleges the elements of the crime were not met.

■ The elements of embezzlement in Arizona are (1) the existence of a trust relationship, (2) possession or control of property by virtue of that trust relationship, and (3) a breach of that trust by a fraudulent appropriation of the property to a use or purpose not in the due and lawful execution of the trust. *Drake v. State*, 53 Ariz. 93, 85 P.2d 984 (1939); *State v. McCormick*, 7 Ariz.App. 576, 442 P.2d 134 (1968), *vacated on other grounds*, 104 Ariz. 18, 448 P.2d 74 (1968). Controlling statutes herein are A.R.S. §§ 13–681, 682.-A.1 and 683.

■ Appellant argues first that she did not come into possession of the checks lawfully, but fraudulently, and that, therefore, the first element of "entrustment" or "control" has not been met. She argues that the signed checks did not come into her possession by virtue of any trust relationship with her employer but that she fraudulently obtained them. We disagree and rely on the facts in this case.

The testimony clearly reveals that the appellant would receive an authorization directly from a builder to make a disburse-

ment; she would, then, on her own initiative, make out a blank check, obtain a signature of an available trust officer and disburse the funds to the proper payee, without the direct supervision of anyone. Defendant's employer had entrusted the blank checks to her for this very purpose. There was evidence that appellant held her position of responsibility for over two years. She was relied upon by the trust officers to perform her job responsibilities honestly; their testimony to this effect permeated the entire trial. They never questioned the nonexistent payee, "Office Services," because appellant had complete control and responsibility for the Builders Control Accounts. She was trusted to fill out the blank checks in her possession properly and honestly.

The issue of lawful possession or control in any case

". . . must depend largely on the capacity in which accused was given access to or dominion over the property and on the powers or duties which the owner gave or imposed . . . with respect thereto." 29A C.J.S. Embezzlement § 9.

It is sufficient to show that the accused had the property under his control in the sense that it was under his direction or management. *People v. Hess*, 107 Cal. App.2d 407, 237 P.2d 568 (1951); *State v. McCormick, supra.*

We find that the property herein, *i. e.,* the checks, and, therefore, the money, were entrusted to appellant and sufficiently in her control to meet the "trust" elements enumerated in A.R.S. §§ 13–681 and 13–682.A.1.

Appellant's second argument is that because she came into lawful possession of unsigned and therefore nonnegotiable checks, the elements of A.R.S. § 13–683 were not met. That statute reads:

"Any evidence of debt, negotiable by delivery only, and actually executed, is the subject of embezzlement, whether or not it has been delivered or issued as a valid instrument."

This statute was adopted from California and so we shall look to the construction previously placed upon it by the courts of that state as persuasive. *Mileham v. Arizona Board of Pardons and Paroles,* 110 Ariz. 470, 520 P.2d 840 (1974). The California courts reached this issue in *People v. Cohen,* 71 Cal.App. 367, 235 P. 658 (1925), and it was decided adversely to appellant's position. We agree with the California court that a check, complete or incomplete, is "evidence of a debt" within the meaning of A.R.S. § 13–683, and the fact that another crime, forgery, is committed to make the check negotiable is irrelevant. The embezzlement is ultimately of the money which the check represents and which belongs to another person. The check is merely the means by which the end is achieved.

The final argument by appellant is that A.R.S. § 13–682 requires that property embezzled be for the use of another person; "Office Services" being nonexistent, the requirement is not met. This contention is spurious. A.R.S. § 13–682.A.1 requires only that the property be appropriated "to any use or purpose not in the due and lawful execution of" the trust. It is obvious that the property in question was diverted from its designated purpose to one undesignated, and even if it were required that "another person" benefit from the theft, it is obvious that appellant qualifies for that position. It is the misapplication of the entrusted property which is prohibited by A.R.S. § 13–682.A.1; *State v. McCormick, supra,* and there is no question that the property herein was misapplied.

We hold that there was sufficient evidence to sustain, in this case, appellant's conviction for grand theft by embezzlement on all ten counts charged.

The second major issue in this appeal is appellant's contention that her sentence was excessive. She points out that she is fifty-six years of age, has not been arrested since 1958, was willing to make restitution, and the crime for which she has been convicted is a nonviolent one.

The power granted the Arizona Supreme Court to reduce sentences under A.R.S. § 13–1717 is to be exercised with great caution. *State v. Villa,* 111 Ariz. 371, 530 P.2d 363 (1975). The trial court has wide discretion in the pronouncement of a sentence, and we will uphold the sentence if it is within the statutory limits, unless it is so clearly excessive under the circumstances as to constitute an abuse of discretion. *State v. Domme,* 111 Ariz. 464, 532 P.2d 526 (1975).

In this case, the trial court had before it a fifty-five year old woman who had stolen a large sum of money, systematically and over an extended period of time. Her record was replete with prior arrests and convictions for forgeries and bogus checks. Other opportunities given for restitution and prior terms of probation after convictions had proved unfruitful.

We see here no abuse of discretion. The judgment and sentence are affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.