558 P.2d 951

**STATE of Arizona, Appellee,**

v.

**Cruz Lopez PARRA, Appellant.**

**No. 1 CA–CR 1614.**

Court of Appeals of Arizona,
Division 1,
Department B.

Dec. 30, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Robert S. Golden, Asst. Atty. Gen., Phoenix, for appellee.

Bruce A. Barton, Phoenix, for appellant.

## OPINION

SCHROEDER, Presiding Judge.

This is an appeal from appellant's revocation of probation for the crime of grand theft and appellant's sentence to not less than three nor more than ten years in the Arizona State Prison. Appellant contends that certain matters were improperly considered by the trial judge in the revocation hearing, and that the sentence imposed was excessive. The State raises a preliminary question as to whether the appellant has lost his right to appeal by failing to file a timely notice of appeal.

■ We deal first with the question of the timeliness of the appeal. It is undisputed that the notice of appeal was filed 28 days after entry of the judgment and not within the 20 days provided in 17 A.R.S. Rules of Criminal Procedure, Rule 31.3. The State argues that as a result of the late filing, appellant must proceed by means of an application for .delayed appeal to the trial court pursuant to Rule 32.

We recognize and approve the general rule that once the 20-day period has elapsed, application should be made to the Superior Court for permission to appeal. *State v. Mitchell,* 27 Ariz.App. ——, 554 P.2d 905 (1976). However, Rule 31.20 authorizes this Court to suspend the requirements of Rule 31 in exceptional circumstances.

While the State could have raised the question of timeliness by means of a motion filed soon after the notice of appeal was filed, it did not raise the question until the filing of its answering brief. The question therefore does not reach this Court until the appeal is at issue many months after entry of the judgment. The date on the notice of appeal indicates the defendant and his counsel had decided to appeal and prepared the notice well within the 20-day period. There is no suggestion on the part of the State that the untimeliness was the result of any knowing waiver of the right to appeal.

We conclude that were we to dismiss this appeal and require the appellant to apply to the trial court for permission to file a delayed appeal, the trial court would in turn be virtually required to grant permission. *State v. Schroeder,* 95 Ariz. 255, 389 P.2d 255 (1964), cert. denied 379 U.S. 939, 85 S.Ct. 347, 13 L.Ed.2d 350 (1964); *Blanchard v. Brewer,* 429 .F.2d 89 (8th Cir. 1970), cert. denied 401 U.S. 1002, 91 S.Ct. 1224, 28 L.Ed.2d 535 (1971). Upon the trial court's granting of the delayed appeal, the process of perfecting that appeal and filing of

briefs would have to be repeated. Thus our refusal to consider this appeal now would result in wasteful trial court proceedings, duplication, and serious delay to the parties, all in frustration of the goal of judicial economy. Therefore, we conclude that this is an appropriate case for suspending the requirements of Rule 31.3(b) in order to consider the instant appeal.

Appellant's probation was revoked for violation of the condition against excessive use of alcohol, the court finding that appellant was intoxicated at the time of his arrest. On the merits of the appeal, appellant raises the following questions:

1. He was not afforded an impartial hearing on his revocation of probation because the trial court improperly reviewed the probation officer's investigative report and references to possession of heroin prior to making a finding of a violation of probation;

2. Introduction into evidence of the results of the breathalizer test was improper because insufficient foundation was presented as to its reliability;

3. The sentence imposed was excessive.

■ With respect to the first question, appellant relies upon *State v. Moreno*, 21 Ariz.App. 462, 520 P.2d 1139 (1974), in arguing that the probation officer improperly furnished the court with information concerning the case prior to the final revocation hearing. In this case, however, the court informed the appellant that he had read the report prior to revocation and sentencing, and no objection was made to the court's consideration of the report. Appellant was familiar with the contents of the report and his counsel argued strenuously to the court that some of the alleged facts contained in the report were incorrect. The probation officer testified to much of the material contained in the report and the appellant availed himself of the opportunity to cross-examine.

We find that the record presents no basis for holding that the revocation proceeding lacked impartiality. Any alleged error in the consideration of the report as evidence was waived by the defendant's failure to make timely objection and cannot be raised for the first time on appeal. *State v. Wilcynski*, 111 Ariz. 533, 534 P.2d 738 (1975), cert. denied 423 U.S. 873, 96 S.Ct. 141, 46 L.Ed.2d 104 (1975).

■ Appellant also alleges that he was denied an impartial hearing because of references in the hearing concerning appellant's alleged possession of heroin. The appellant was originally charged in the petition to revoke probation with possession of heroin. This charge was dismissed by the trial court. Although some details of the alleged involvement with heroin were contained in the probation officer's investigative report, the State did not introduce independent evidence of possession of heroin as a ground for revocation.

Appellant claims that the court, nevertheless, considered the original allegation of heroin possession in revoking probation. We do not find any support for that claim in our review of the record. The court gave detailed reasons for its revocation of probation and imposition of sentence, and made no mention of the heroin charge which had previously been dismissed. Accordingly, there is insufficient evidence to support appellant's contention that the heroin matter was considered by the trial court.

■ Appellant next contends that the results of a breathalizer test were improperly received into evidence because there was an insufficient foundation presented to assure its reliability, and that this lack of foundation requires reversal. There was in fact no foundation laid as to the reliability of the test results. However, independent testimony by the police officer and the probation officer established that the defendant had admitted to the probation officer that he had been drinking heavily the night before the arrest and had consumed several

drinks immediately prior to the arrest. The arresting officer testified that when he stopped appellant, appellant staggered badly, smelled strongly of alcohol, spoke in a thick and slurred manner, had difficulty standing, had bloodshot eyes, and appeared to be intoxicated. There was no evidence offered by the defendant as to the unreliability of the breathalizer results.

We here express no opinion as to the necessity of showing the reliability of breathalizer test results in other circumstances. We hold that the admission of the breathalizer test in this case was of no consequence to the outcome of the hearing. The unchallenged evidence of drunkenness not only tended to establish the reliability of the results of the breathalizer test but also constituted an independent basis for a finding of violation.

■ Finally, appellant contends that in imposing the sentence, the trial court noted that the judge who originally had placed defendant on probation had advised him that if he violated probation he would go to prison. The appellant had previously been found in violation of probation and had had his probation reinstated. The sentence imposed was within the statutory limits, and should not be modified absent a clear abuse of discretion by the sentencing court. *State v. Hunter,* 112 Ariz. 128, 539 P.2d 885 (1975); *State v. Davis,* 105 Ariz. 498, 467 P.2d 743 (1970). We find no abuse of discretion here.

The judgment and sentence are affirmed.

WREN and EUBANK, JJ., concur.