572 P.2d 1181

STATE of Arizona, Appellee,

v.

James Michael O'NEILL, Appellant.

No. 3906.

Supreme Court of Arizona,
In Banc.

Nov. 16, 1977.

Rehearing Denied Jan. 4, 1978.

Bruce E. Babbitt, Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., Crane McClennen, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, Anne W. Kappes, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

Appellant, James O'Neill, was sentenced to a term of twenty years to life following his plea of no contest to a charge of child molesting in violation of A.R.S. § 13–653. The sole issue raised is whether the sentence imposed was excessive. We have jurisdiction pursuant to A.R.S. § 13–1711.

The facts underlying this case are as follows: On October 28, 1976 appellant had received his unemployment check in the

mail. After cashing it that morning, he purchased a bottle of vodka and proceeded to consume it. He then visited several bars, continuing to drink. At the last of these establishments, appellant met the victim's father, Mr. Bryant, who was also unemployed—but seeking work. The facts are not entirely clear as to whether the victim, two year old Tami, was with her father at this time. Nevertheless, Mr. Bryant and appellant played a game of pool and appellant offered Mr. Bryant a job. Later when they left the bar, appellant invited Mr. Bryant and his daughter to have dinner and to spend the night at his abode. At the apartment, appellant consumed more beer along with some wine.

Around 6:30 p. m. Mr. Bryant indicated he needed to obtain some goat's milk for Tami, because she was allergic to cow's milk. Although appellant's roommate volunteered to go to a store and purchase the milk with his food stamps, Mr. O'Neill urged Mr. Bryant to accompany the roommate, since Mr. O'Neill could watch over Tami. This apparently seemed an innocuous gesture because appellant was also a father and had been a generous person that day. When the two left for the store, Tami was wearing a disposable diaper and appellant was fully clothed.

When they returned thirty minutes later, appellant was shirtless, and there were blood smears on his stomach and fingers, as well as on the bed. Mr. Bryant immediately became suspicious and took his daughter into the bathroom. She was no longer wearing her diaper, and there was blood about her vagina. Additionally, when she urinated blood flowed from her vagina. Mr. Bryant then left the apartment and contacted the police.

Additional incriminating facts include the report of screaming heard by neighbors while appellant was alone with Tami. Also, blood which matched the victim's blood type was found inside of appellant's cut-off levis. Further, the examining physician sutured a tear between Tami's vagina and rectum.

After the trial court thoroughly explained the constitutional rights which appellant would give up and also set forth the special sentencing consequences provided in A.R.S. § 13–653, appellant entered a plea of no contest. He admitted the evidence points toward his guilt, but claimed he had no memory of the events due to his extreme intoxication.

Appellant contends his sentence "is excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment," but, rather than attacking the constitutionality of A.R.S. § 13–653 he requests the sentence imposed be reduced pursuant to A.R.S. § 13–1717. In doing so, appellant has recognized "where the statute fixing punishment for an offense is not unconstitutional, a sentence within the limits prescribed by such statute will not be regarded as cruel and unusual". *State v. Quintana*, 92 Ariz. 308, 313, 376 P.2d 773, 776 (1962); *State v. Guthrie*, 111 Ariz. 471, 532 P.2d 862 (1975). Arizona is not unique in maintaining this doctrine for review of sentences. *See* Annot., 33 A.L.R.3d 335 (1970).

■ As noted above, appellant has not directly attacked the validity of the statute but has merely made oblique references to "cruel and unusual punishment". By not squarely delineating and briefing the constitutional issue, appellant has failed to demonstrate that A.R.S. § 13–653 runs afoul of the Eighth Amendment. *See New Times, Inc. v. Arizona Board of Regents*, 110 Ariz. 367, 519 P.2d 169 (1974); *Goldwater v. Superior Court*, 49 Ariz. 260, 66 P.2d 233 (1937). Also, our research has revealed other Arizona cases involving the same or similar crimes as the one *sub judice*. In those cases, more severe sentences were found not to be cruel and unusual. *See e. g., State v. Rice*, 110 Ariz. 210, 516 P.2d 1222 (1973); *State v. Phillips*, 102 Ariz. 377, 430 P.2d 139 (1967). Since appellant's sentence is within the limits prescribed by A.R.S. § 13–653, and we have not declared the statute unconstitutional, the sentence does not constitute cruel and unusual punishment. *State v. Quintana, supra.*

■ However, our review does not end with this conclusion, because a sentence,

although not so extreme as to be cruel or unusual, may still be excessive. If shown to be excessive, this Court may reduce a sentence pursuant to the authority granted by A.R.S. § 13–1717. In order for an appellant to benefit from this provision, the record must demonstrate clear abuse of discretion by the trial court. *State v. Malory,* 113 Ariz. 480, 557 P.2d 165 (1976). Because of the broad discretion allowed trial courts, we rarely exercise the power granted by A.R.S. § 13–1717, and then only with a great deal of caution.

We are mindful that sentencing is not an exact science, but several factors are available to aid the trial court in its determination of each case. "We have consistently held that where discretion is vested in the trial judge as to the limits of the sentence, he should consider not only the circumstances of the offense but also the moral character and past conduct of the defendant, in order that he may set the punishment in accordance with the general character of both the offense and of the party convicted." *State v. Smith,* 107 Ariz. 218, 220, 484 P.2d 1049, 1051 (1971). It is also necessary for the trial court to consider the objectives which are to be obtained by the particular sentence. These objectives are four-fold: retribution, restraint, deterrence and rehabilitation. *State v. Howland,* 103 Ariz. 250, 439 P.2d 821 (1968) *overruled on other grounds, State v. Burchett,* 107 Ariz. 185, 484 P.2d 181 (1971).

During the sentencing of appellant, the trial court explained its decision:

"THE COURT: Well, Mr. O'Neill, as you will appreciate this is one of the most serious crimes of all the crimes we have, and I have to have a sentence which can tell the public that we're supporting the laws that will deter others hopefully, from committing similar crimes, and of course deter you not to commit this crime or other crimes, and we have in mind rehabilitation.

"Sentencing is a very complex thing. There are many factors to be considered with many people affected; the victim, the victim's family, your family, the public. And it's the judgment of the Court that a sentence for this will be necessary that you be incarcerated at the Arizona State Prison. I don't believe this kind of crime can be without what may look to the public as punishment which is partly punishment and partly example to others. Eventually we hope rehabilitation."

From this it is apparent the court considered the various factors in formulating appellant's sentence. Although the court's reasoning is heavily weighted toward retribution and deterrence, we will not disturb its determination when the sentence imposed is adequately grounded on the foregoing considerations in light of the nature of the crime and the individual.

It is still our opinion that "this type of sex crime requires the sternest of measures". *State v. Phillips,* 102 Ariz. at 381, 430 P.2d at 143. This plus the fact the trial court took into consideration the various theoretical factors underlying the sentencing has led us to conclude there was no clear abuse of discretion which would require a modification of the sentence imposed.

Judgment of the superior court affirmed.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HAYS and HOLOHAN, JJ., concur.