588 P.2d 305

**STATE of Arizona, Appellee,**

v.

**Lorenzo Torres HERRERA, Appellant.**

No. 4057.

Supreme Court of Arizona,
In Banc.

Dec. 6, 1978.

John A. LaSota, Jr., Atty. Gen., William J. Schafer, III, Chief Counsel, Crim. Div., R. Wayne Ford, Asst. Atty. Gen., Phoenix, for appellee.

Ross P. Lee, Maricopa County Public Defender, James L. Edgar, Deputy Public Defender, Phoenix, for appellant.

GORDON, Justice:

This is an appeal by defendant Lorenzo Torres Herrera from a probation revocation and resentencing for second degree rape, a violation of A.R.S. § 13–611 B. Taking jurisdiction pursuant to A.R.S. § 13–1711, we modify the sentence imposed by the Superior Court and affirm the judgment as modified.

On November 5, 1976, defendant pled guilty to second degree rape as an open-ended offense. The charge evolved from an extra-marital affair that the twenty-two year old defendant was having with a sixteen year old co-worker and was precipitated by defendant's mother discovering the co-worker in defendant's closet. The pre-sentence investigation report prepared by the Adult Probation Office questioned the sixteen year old's alleged "naivete as to the defendant's marital status" as well as her "victim status other than her chronological age." Concluding that defendant was not dangerous but, rather, lacking in judgment and maturity, the report recommended three years probation. On December 15, 1976, defendant was adjudged guilty, given a suspended sentence, and placed on the recommended probationary term.

On August 9, 1977, a Petition to Revoke Probation was filed in the Superior Court of Maricopa County alleging that defendant had violated the conditions of his probation by committing forcible rape on or about June 6, 1977, in violation of A.R.S. § 13–611 A. At the conclusion of a subsequent viola-tion hearing, the court found that defendant had so violated his probation. Defendant soon after pled no contest to the charge of first degree rape, a felony, and on October 27, 1977, was sentenced thereon to a term of not less than thirty years nor more than life in the Arizona State Prison. The court at the same time revoked defendant's probation in the second degree rape judgment, designated the offense a felony, and sentenced him for that crime to another thirty year to life term, to be served concurrently with that imposed for the forcible rape conviction.

On November 2, 1977 defendant filed notice of appeal in the second degree rape judgment. We address ourselves to the following three issues:

(1) Is Arizona's second degree rape statute, A.R.S. § 13–611 B, violative of the equal protection guarantee of the Fourteenth Amendment to the United States Constitution?

(2) Is appellant's sentence of thirty years to life for the second degree rape conviction excessive, and does it, therefore, warrant reduction pursuant to A.R.S. § 13–1717 B?

(3) Is a maximum life sentence for second degree rape, as provided by A.R.S. § 13–614, proscribed by the cruel and unusual punishment clause of the Eighth Amendment to the United States Constitution, because it is grossly disproportionate to the crime for which imposed?

## EQUAL PROTECTION

A.R.S. § 13–611 B, Arizona's second degree rape statute, provides:

"Rape in the second degree is an act of sexual intercourse with a female, not the wife of the perpetrator, under the age of eighteen years, under circumstances not amounting to rape in the first degree."

Defendant maintains that this statute denies him equal protection of the law guaranteed by the Fourteenth Amendment to the United States Constitution in that it penalizes males who have had intercourse with minor females, while adult females are

not penalized for engaging in intercourse with minor males. The gravamen of defendant's argument is that the statute does not pass constitutional muster, because it subjects males to disparate treatment without a sufficient state interest for so doing.

The state counters that defendant's attempt to attack the constitutionality of the statute under which he was originally convicted on December 15, 1976, is untimely. The state's contention is that defendant's equal protection argument constitutes a challenge of the original 1976 judgment, from which no notice of appeal was filed within twenty days as required by Arizona law. 17 A.R.S., Rules of Criminal Procedure, rule 31.3.[1]

We agree with the state. This Court has said, and we now reiterate:

"The proper administration of justice requires that an appeal from the judgment of guilt be taken with dispatch. After the revocation of probation the defendant could have appealed from the sentence imposed or any issues raised by the revocation of his probation. We hold, however, that an appeal from the judgment of guilt must be taken within sixty days [now twenty days per rule 31.3] after a judgment of guilt and probation is entered and that the suspension of the sentence in nowise extends the time for filing such appeal." *State v. Osborn,* 107 Ariz. 295, 295–96, 486 P.2d 777, 777–78 (1971); *See also State v. Ingles,* 110 Ariz. 295, 518 P.2d 118 (1972); *State v. Miller,* 110 Ariz. 43, 514 P.2d 1039 (1973); *State v. Ward,* 108 Ariz. 288, 496 P.2d 588 (1972).

It is, however, within the power of this Court to suspend the twenty day requirement of 17 A.R.S. Rules of Criminal Procedure, rule 31, on motion of a party or on our own initiative in "exceptional circumstances" pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 31.20. In *State v. Parra,* 27 Ariz.App. 756, 558 P.2d 951 (1976), a case involving a notice of appeal filed eight days late, the Court of Appeals found the existence of exceptional circumstances, opining that its refusal to consider the appeal would result in wasteful trial court proceedings, duplication and serious delay to parties, all in frustration of judicial economy. It so held because, had the court dismissed the appeal and required appellant to apply to the trial court for permission to file a delayed appeal (pursuant to 17 A.R.S. Rules of Criminal Procedure, rule 32), the trial court would have been virtually required to grant permission.

In the instant case, however, the trial court would be precluded from granting a delayed appeal because of rule 32.2 a.(3), which mandates that a petitioner not be granted such a delay based upon any ground "knowingly, voluntarily and intelligently not raised at trial, on appeal, or in any previous collateral proceeding."[2] Rule 32.2.c states further that the court may infer a knowing waiver from petitioner's failure to appeal after being advised by the sentencing judge of the necessity that he do so. Here, the record shows that defendant was informed at the sentencing hearing of December 15, 1976, that he had the right to appeal from the judgment of guilt or the sentence imposed (i. e., three years probation) and that he would be required to do so within twenty days from that date. Defendant indicated that he understood his right to appeal and the twenty day limitation. Additionally, defendant signed the Notice of Right to Appeal and Appeal Procedure, which informed him of the twenty day limitation for filing and included a boldfaced warning that failure to file on time would result in the loss of his right to appeal. Because defendant failed to appeal from the judgment within the requisite twenty days, we may infer a knowing waiver of his right to do so.

---

1. Defendant, in his notice of appeal of November 2, 1977, in fact indicated only that he intended to appeal the probation revocation order entered October 27, 1977, not the original conviction of December 15, 1976.

2. The court in *State v. Parra, supra,* specifically stated that the state failed to suggest that the untimeliness of the notice was the result of a knowing waiver.

Defendant, therefore, is not able to demonstrate the "exceptional circumstances" necessary to bring him under the rubric of 17 A.R.S. Rules of Criminal Procedure, rule 31.20. We accordingly hold that defendant is procedurally precluded from attacking the constitutionality of the second degree rape statute on the basis of equal protection.

### EXCESSIVE SENTENCE

Defendant next asserts that his sentence of thirty years to life for second degree rape is excessive under the circumstances and ought to be reduced pursuant to A.R.S. § 13–1717 B.

A.R.S. § 13–1717 B empowers this Court to reduce a sentence if it believes that the circumstances of the case warrant a lesser penalty. Because of the broad discretion allowed trial courts, this statutory power is seldom exercised. *E. g., State v. O'Neill,* 117 Ariz. 343, 572 P.2d 1181 (1978); *State v. Malory,* 113 Ariz. 480, 557 P.2d 165 (1976). The rationale for this judicial reluctance is that the trial judge has the defendant before him and is, thus, in the best position to evaluate him. *State v. Patton,* 120 Ariz. 386, 586 P.2d 635 (1978); *State v. Smith,* 107 Ariz. 218, 484 P.2d 1049 (1971).

■ This Court will reduce a sentence, however, if it clearly appears that a sentence is too severe, or that the trial judge abused his discretion in determining the penalty. *See State v. Ellis,* 117 Ariz. 329, 572 P.2d 791 (1977). On this basis, the power vested by § 13–1717 has been exercised occasionally. *See, e. g., State v. Waldrip,* 111 Ariz. 516, 533 P.2d 1151 (1975); *State v. Televera,* 76 Ariz. 183, 261 P.2d 997 (1953); *State v. Kovacevich,* 26 Ariz.App. 216, 547 P.2d 487 (1976).

■ Having reviewed the record, we find that there are mitigating circumstances involved which necessitate reduction of defendant's sentence. These were recognized by defendant's probation officer in his recommendation of a suspended sentence and probation and by the court in its adherence to that recommendation.

■ It is well-established that a court may increase a sentence for an original offense in light of subsequent, serious criminal activity. *See State v. Rowe,* 116 Ariz. 283, 569 P.2d 225 (1977); *North Carolina v. Pearce,* 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *State v. Robbins,* 110 Ariz. 284, 518 P.2d 107 (1974). This is consistent with the philosophy that the punishment ought to fit the character of both the offense and the offender. *E. g., State v. Myers,* 117 Ariz. 79, 570 P.2d 1252 (1977); *State v. Quintana,* 92 Ariz. 308, 376 P.2d 773 (1962).

Without question, defendant's subsequent forcible rape is a serious offense that justified increasing his suspended sentence to a term of years in prison. This Court has said, however, that "punishment flowing as a result of probation being revoked is not punishment for the probationary breach, but is instead punishment on the original charge." *State v. Pietsch,* 109 Ariz. 261, 263, 508 P.2d 337, 339 (1973). We view the increased sentence of thirty years to life as having so tenuous a connection to the original charge as to amount to an abuse of discretion. Defendant's punishment is reduced, therefore, to a prison term of five to ten years, to begin from the date of the original sentence and to run concurrently with the sentence for forcible rape.

### CRUEL AND UNUSUAL PUNISHMENT

■ Defendant's final argument on appeal is that a maximum life sentence for second degree rape violates the cruel and unusual punishment ban of the Eighth Amendment, because it is grossly disproportionate to the crime for which imposed. Having received a reduction in sentence pursuant to A.R.S. § 13–1717, defendant is no longer subjected to a life sentence and, therefore, has lost standing to challenge the constitutionality of that penalty.

■ In order to possess standing to assert a constitutional challenge, an individual must himself have suffered "some threatened or actual injury resulting from the putatively illegal action." *Warth v.*

*Seldin,* 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354 (1975). This is to assure that the petitioner has "a personal stake in the outcome of the controversy." *Warth,* 422 U.S. 490, 498, 95 S.Ct. 2197, 2205, 45 L.Ed.2d 343, 354; *Flast v. Cohen,* 392 U.S. 83, 99, 88 S.Ct. 1942, 1952, 20 L.Ed.2d 947, 961 (1968); *City of Douglas v. City of Sierra Vista,* 21 Ariz.App. 71, 72, 515 P.2d 896, 897 (1973). *See generally, e. g., United States v. Harriss,* 347 U.S. 612, 74 S.Ct. 808, 98 L.Ed. 989 (1954); *Uhlmann v. Wren,* 97 Ariz. 366, 401 P.2d 113 (1965). Moreover, except under limited conditions not present here, standing must exist at all stages of appellate or certiorari review, and not merely on the date the action is initiated. *Roe v. Wade,* 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973).

Defendant did have standing to challenge a life sentence when he, in fact, faced such a penalty. Now, however, he faces only a five to ten year prison term. Thus, he is not being injured by the life sentence provision, nor does he have a personal stake in the outcome of an attack on its constitutionality.

Judgment and sentence of the Superior Court are affirmed as modified.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN, J., concurring.

HAYS, Justice, concurring:

I concur in the result.