NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Respondent*,

*v.*

RICHIE LEE CARVER, *Petitioner*.

No. 1 CA-CR 15-0356 PRPC
FILED 5-18-2017

Petition for Review from the Superior Court in Maricopa County
No. CR2007-006369-002 DT
The Honorable Arthur T. Anderson, Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Arthur G. Hazelton, Jr.
*Counsel for Respondent*

Richie Lee Carver, San Luis
*Petitioner*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Samuel A. Thumma and Judge James P. Beene joined.

**W I N T H R O P**, Judge:

¶1 Petitioner, Richie Lee Carver, petitions this court for review of the dismissal of his petition for post-conviction relief. A jury convicted Carver of burglary, aggravated assault, murder, and misconduct involving a weapon. The court sentenced Carver to consecutive terms of natural life and 11.25 years' imprisonment. This court affirmed Carver's convictions and sentences on direct appeal. *State v. Carver*, 1 CA-CR 08-0781, 1 CA-CR 09-0090, 2013 WL 708118 (Ariz. App. Feb. 26, 2013). We have considered the petition for review and, for the reasons stated, grant review but deny relief.

¶2 Carver argued ineffective assistance of both trial and appellate counsel and prosecutorial misconduct in his petition for post-conviction relief. On review, although he references all three claims, Carver only argues ineffective assistance of trial counsel. Carver also appears to incorporate by reference other issues and arguments that are not set forth in his petition for review. A petition for review must set forth specific claims, present sufficient argument supported by legal authority, and include citation to the record. *See* Ariz. R. Crim. P. 32.9(c)(1)(ii) (stating that the petition shall contain "[t]he issues which were decided by the trial court and which the defendant wishes to present to the appellate court for review"), (iv) (stating that the petition shall contain "[t]he reasons why the petition should be granted" and either an appendix or "specific references to the record," but "shall not incorporate any document by reference, except the appendices"); *State v. Rodriguez*, 227 Ariz. 58, 61 n.4, ¶ 12, 251 P.3d 1045, 1048 n.4 (App. 2010) (declining to address an argument not presented in the petition). Failure to comply with Arizona Rule of Criminal Procedure 32 will result in a finding that a petitioner has waived his right to present a Rule 32 petition. *See State v. Herrera*, 121 Ariz. 12, 14-15, 588 P.2d 305, 307-08 (1978), *cert. denied*, 441 U.S. 949 (1979).

¶3 Although Carver lists three claims in his petition, he develops only one for review. Therefore, we address only Carver's claim of ineffective assistance of trial counsel and deem Carver's other two claims as waived on review. Carver's petition for review is essentially a recitation of the procedural history of the case followed by a summary of his claim of ineffective assistance of trial counsel. Carver asserts that trial counsel did not adequately confront and impeach the State's witnesses, and that trial counsel failed to establish Carver's innocence. Carver further alleges that trial counsel was ineffective at sentencing because he failed to fully present an adequate defense and failed to adequately prepare defense experts for trial. The petition for review fails to provide facts and evidence to support

a finding of deficient representation by trial counsel. Carver develops no argument explaining why he believes the trial court's ruling is legally or factually incorrect, and he fails to provide detail and specificity to support his claim that he was prejudiced by trial counsel's alleged ineffectiveness. In the absence of any developed argument that the court erred in rejecting those claims, we are compelled to deny relief. *See State v. Stefanovich*, 232 Ariz. 154, 158, ¶ 16, 302 P.3d 679, 683 (App. 2013) (concluding that an insufficient argument waives a claim on review).

¶4       Accordingly, although we grant review, we deny relief.



AMY M. WOOD • Clerk of the Court
FILED: AA

3