NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

PETER BOROTA, *Appellant.*

No. 1 CA-CR 21-0372
FILED 7-12-2022

Appeal from the Superior Court in Navajo County
No.  S0900CR201800844
S0900CR201900262
S0900CR201900577
S0900CR201900578
The Honorable Dale P. Nielson, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

The Rigg Law Firm, P.L.L.C., Pinetop
By Brett R. Rigg
*Counsel for Appellant*

---

**MEMORANDUM DECISION**

Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Samuel A. Thumma and Judge Michael J. Brown joined.

---

**C R U Z**, Judge:

¶1  This appeal was filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969). Appellant Peter Borota was on probation in four different matters until the superior court revoked his probation and sentenced him to an aggregate term of seven years in prison. Counsel for Borota has advised this court that counsel found no arguable questions of law and asks us to search the record for fundamental error. Borota has been afforded an opportunity to file a supplemental brief *in propria persona*, and has done so. After reviewing the record, we affirm the revocation of probation and Borota's sentences.

## FACTUAL AND PROCEDURAL HISTORY

¶2  In September 2019, Borota pled guilty to three counts of aggravated assault, class 5 felonies, two counts of aggravated DUI, class 4 felonies, one count of unlawful flight from a pursuing law enforcement vehicle, a class 5 felony, one count of resisting arrest, a class 6 felony, and one count of driving under the influence of intoxicating liquor, a class 1 misdemeanor, in four different cases. The superior court accepted the plea, suspended the imposition of sentence, and placed Borota on intensive probation. It ordered him to serve two consecutive terms of four months in prison for the aggravated DUI convictions in CR201800844 and CR201900262.

¶3  In December 2020, the probation department filed a petition to revoke Borota's probation, alleging eight violations of probation. After a contested hearing on the petition, the superior court found by a preponderance of the evidence that Borota violated seven terms of his probation. *See* Ariz. R. Crim. P. ("Rule") 27.8(b)(3). The court found that the evidence established that Borota (1) was arrested for domestic violence assault and domestic violence disorderly conduct, (2) possessed ammunition, (3) failed to participate in required counseling, (4) failed to maintain employment, (5) failed to pay his fines, (6) drank alcohol, and (7) failed to adhere to his intensive probation schedule by not being home

twice when he should have been. The court declined to find that Borota failed to do community service "simply because of Covid."

¶4        The superior court sentenced Borota to the presumptive term of 2.5 years in prison for aggravated DUI in CR201800844, a maximum term of 3 years in prison for aggravated DUI in CR201900262, a maximum term of 2 years in prison for aggravated assault in CR201900262, and a maximum term of 2 years in prison for unlawful flight in CR201900262, to be served concurrently, with credit for 339 days of presentence incarceration. In CR201900577, the court sentenced Borota to the maximum term of 2 years in prison for aggravated assault, the maximum term of 1.5 years in prison for resisting arrest, and 6 months in jail with credit for time served for misdemeanor DUI. The court ordered the sentences in CR201900577 to be served concurrently, but consecutive to the sentences in CR201800844 and CR201900262. In CR201900578, the court sentenced Borota to the maximum term of 2 years in prison for aggravated assault, to be served consecutive to CR201900577.

¶5        Borota timely appealed, and we have jurisdiction pursuant to Arizona Constitution Article 6, Section 9, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A), 13-4031, and -4033(A)(1).

## DISCUSSION

¶6        We review Borota's probation revocation and sentences for fundamental error. *See State v. Flores*, 227 Ariz. 509, 512, ¶ 12 (App. 2011). Counsel for Borota has advised this court that after a diligent search of the record counsel has found no arguable question of law. We have read and considered counsel's brief and Borota's supplemental brief. Much of Borota's supplemental brief is dedicated to disputing the evidence supporting his underlying convictions. Because Borota pled guilty to those charges, in this appeal we only review the contested probation revocation proceedings and Borota's sentences. *See State v. Herrera*, 121 Ariz. 12, 14 (1978).

¶7        We have fully reviewed the record for reversible error and find none. *See Leon*, 104 Ariz. at 300. Borota's probation revocation proceedings were conducted in compliance with Rule 27.8. He was present and represented at all critical proceedings, and the court's findings were well-supported by the record. Although Borota argues that the sentences imposed by the superior court were excessive and consecutive, they were within the statutory guidelines. *See* A.R.S. §§ 13-702(D); -711(A) (multiple

"sentences imposed by the court may run consecutively or concurrently, as determined by the court"). We find no fundamental error.

**¶8** Upon the filing of this decision, defense counsel shall inform Borota of the status of the appeal and his future options. Counsel has no further obligations, unless upon review counsel finds an issue appropriate for submission to the Arizona Supreme Court by petition for review. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Borota will have thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶9** For the foregoing reasons, we affirm the superior court's revocation of Borota's probation and the sentences imposed.



AMY M. WOOD • Clerk of the Court
FILED:   AA