546 P.2d 41

**STATE of Arizona, Appellee,**

v.

**Dan Lee LAY, Appellant.**

No. 1 CA–CR 1286.

Court of Appeals of Arizona,
Division 1,

Department C.

Feb. 19, 1976.

Rehearing Denied March 17, 1976.

Bruce E. Babbitt, Atty. Gen., by William J. Schafer, III, Chief Counsel, Crim. Div., Asst. Atty. Gen., Phoenix, for appellee.

Richard L. Thompson, Phoenix, for appellant; Dan Lee Lay, pro se.

## OPINION

EUBANK, Judge.

This appeal was presented by a memorandum filed in accordance with the opinions in *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and *State v. Leon,* 104 Ariz. 297, 451 P.2d 878 (1969).

Appellant was charged with murder and tried. After a mistrial was declared because of a hung jury, the cause was submitted to the court who found appellant guilty of involuntary manslaughter. Imposition of sentence was suspended, and appellant was placed on probation for five years. The three relevant conditions of appellant's probation were:

1. The defendant's conduct shall at all times be as a law-abiding citizen.

\*   \*   \*   \*   \*   \*

5. Defendant shall not indulge in the excessive use of intoxicating liquors.

\*   \*   \*   \*   \*   \*

10. Defendant shall not possess or use any narcotics including marijuana or dangerous drugs in violation of any law and shall not associate with any person that uses or traffics in narcotics, marijuana or dangerous drugs in violation of any law.

\*   \*   \*   \*   \*   \*

The Adult Probation Department petitioned for revocation of appellant's probation on November 24, 1974. After a hearing on December 12, 1974, appellant's probation was reinstated with three new conditions imposed, which are not relevant to this appeal.

The Adult Probation Department again petitioned for revocation on March 11,

1975. On April 17, 1975, after a hearing held a week earlier, the court found that appellant had violated the three conditions of his probation enumerated above, revoked his probation, and sentenced him to not less than nine nor more than ten years in the State Prison.

Appellant's probation officer was the only witness called to testify at the April 10, 1975, hearing; he testified that appellant had admitted to him (the probation officer) that he (appellant) had been in possession of marijuana and that he had driven an automobile while under the influence of alcohol. The officer admitted on cross-examination that he had not seen any documents charging appellant with these crimes, but by virtue of a telephone call to Globe—where the alleged violations occurred—and conversations with appellant, he knew that charges were pending.

Appellant denied the violations, but he did not testify and presented no evidence. In addition, appellant did not deny making the admissions to his probation officer.

Counsel argues that the "corpus" of the alleged violation must be established independently before appellant's statements could be used against him, that the corroborating evidence of the probation officer's telephone call was "unreliable" hearsay, and thus that the evidence did not establish a violation by a preponderance of the evidence.

■ It is of course required in a criminal trial that a confession, before being usable against a defendant, must be corroborated by some independent evidence of the *corpus delicti*. *State v. Pineda,* 110 Ariz. 342, 519 P.2d 41 (1974). This is not true in a probation revocation hearing, however.

■ Rule 27.8, Rules of Criminal Procedure, 17 A.R.S., allows probation to be revoked upon an admission to the court by the probationer, and there is no requirement of corroborating evidence. The Rule does require the court to determine whether a factual basis for the admission exists, but this is not the same as independent corroboration. The factual basis can be found wholly in a probationer's admissions. *Cf. State v. Tucker,* 110 Ariz. 270, 517 P. 2d 1266 (1974). As our Supreme Court has held, "[a]ppellant's admission of his failure to abide by the terms of probation were [sic] sufficient cause for revocation," *State v. Ingles,* 110 Ariz. 295 at 296, 518 P.2d 118 at 119 (1974).

Therefore, analogizing to those situations in which a probationer admits his violations to the court, we hold that corroborating evidence of the "corpus" of the violations of the conditions of appellant's probation, is not required in this instance. With this disposition of counsel's underlying hypothesis, it is unnecessary to consider the quality of the evidence.

■ Moreover, we hold that the state did meet its burden in establishing the violations, since the probation officer's testimony was proper and since no evidence to the contrary was presented.

We have reviewed the record for other error, as required by A.R.S. § 13–1715, and have found none.

Appellant was allowed to file a supplemental motion *in propria persona,* but he did not avail himself of this opportunity.

The order revoking probation is affirmed.

NELSON, P. J., and HAIRE, C. J., Division 1, concur.