748 P.2d 978
**STATE of New Mexico,
Plaintiff–Appellee,**

v.

**LYNN C., a child, Defendant–Appellant.**

**No. 10268.**

Court of Appeals of New Mexico.

Dec. 10, 1987.

Certiorari Denied Jan. 20, 1988.

**682**

Hal Stratton, Atty. Gen., Santa Fe, for plaintiff-appellee.

Jacquelyn Robins, Chief Public Defender, Lynne Fagan, Appellate Defender, Bruce Rogoff, Asst. Appellate Defender, Santa Fe, for defendant-appellant.

## OPINION

APODACA, Judge.

Respondent appeals from the trial court's order revoking her probation. We proposed summary affirmance in our calendar notice. Respondent filed a memorandum in opposition to our proposed disposition. Not being persuaded by her arguments and authorities, we affirm.

■ Proof beyond a reasonable doubt is the standard for establishing probation violations in children's court probation revocation hearings. *State v. Doe*, 104 N.M. 107, 717 P.2d 83 (Ct.App.1986). Respondent argues her due process rights of confrontation and cross-examination were violated because the state's case consisted entirely of hearsay. *See State v. Vigil*, 97 N.M. 749, 643 P.2d 618 (Ct.App.1982). Our calendar notice proposed affirmance on the basis that the record contained sufficient evidence, other than the challenged hear-

say, to support a finding that respondent violated the conditions of her probation. *See, e.g., State v. Carter*, 116 Ariz. 595, 570 P.2d 763 (1977). *Compare State v. Vigil.* The evidence consisted of the following: respondent's admissions of violating the rules of the group home where respondent resided; smoking in violation of the probation conditions; and her nonhearsay assertions to the group home director that she was not going to stay at the home or work the program.

■ Yet, respondent does not argue in her memorandum that her admissions of violating the rules are insufficient to support a finding of a probation violation. The trial court's order, however, expressly stated respondent admitted violating the allegations of Count 1 of the state's petition to revoke probation. Under these circumstances, we find no violation of respondent's due process rights of confrontation and cross-examination. *See State v. Vigil.* We conclude that her admissions of violating the group home rules are sufficient proof to establish a probation violation under *Doe. Compare State v. Lay*, 26 Ariz. App. 64, 546 P.2d 41 (1976).

■ Respondent, citing *Robinson v. California*, 370 U.S. 660, 82 S.Ct. 1417, 8 L.Ed. 2d 758 (1962), contends the smoking incidents cannot constitutionally be used as a basis for revoking her probation. She also argues such evidence was based on hearsay. It is unclear from respondent's docketing statement whether she admitted the incidents of smoking or whether the group home director testified respondent stated to her that she smoked. In either event, the evidence of respondent's smoking incidents is not based on hearsay; neither does there appear to be any serious dispute that she smoked in violation of the home rules. *See State v. Sisneros*, 98 N.M. 201, 647 P.2d 403 (1982) (docketing statement assertions accepted as true); SCRA 1986, 11–801(D)(2)(a) (admissions of party-opponent not hearsay).

■ The more serious question presented is whether it is constitutionally permissible to revoke respondent's probation for smoking. We believe respondent's

reliance on *Robinson* is misplaced, for it is distinguishable. In *Robinson,* the Court struck down a statute making the "status" of narcotic addiction alone a criminal offense. Here, respondent was not convicted under a statute making nicotine addiction a criminal offense. We hold that a children's court can validly impose a smoking restriction as a condition of probation. The relevant consideration is not whether a court can impose as a condition of probation that respondent not smoke, but rather, whether respondent had sufficient prior notice that smoking could result in revocation of her probation. *See State v. Doe.* The record reflects respondent was required to follow the home rules as a condition of her probation and one of the rules expressly stated that respondent was not permitted to smoke. Based on the foregoing, we hold that there was no due process violation in revoking respondent's probation as a result of the smoking incidents. *Cf. Martin v. State,* 517 P.2d 1399 (Alaska 1974) (revocation of probation for violation of condition prohibiting use of alcohol was not error on theory that such condition on probationer, an alcoholic, was unreasonable or unconstitutional); *Jennings v. State,* 89 Nev. 297, 511 P.2d 1048 (1973).

Respondent finally argues the evidence involving her dislike of the program cannot provide a basis for revocation. Respondent's docketing statement stated that the group home director testified respondent stated to her she was not going to stay or work the program and wished to be terminated from it. This testimony is not hearsay. *See* R. 11–801(D)(2)(a). We view this as more than an expression of dislike of the program and conclude that it is sufficient to support a finding of probation violation justifying revocation of probation. *Cf. State v. Carter,* 5 Kan.App.2d 201, 614 P.2d 1007 (1980) (no abuse of discretion in revoking probation granted upon conditions, including one that defendant participate in work release program, where trial court could easily have found that defendant did not exhibit a sincere desire to cooperate with terms and rules of the work release program).

We affirm the trial court's order revoking respondent's probation.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.