NOTICE: NOT FOR PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION DOES NOT CREATE
LEGAL PRECEDENT AND MAY NOT BE CITED EXCEPT AS AUTHORIZED.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Respondent,*

*v.*

BARRY MARTIN FRANK, *Petitioner.*

No. 1 CA-CR 13-0041 PRPC
FILED 08-14-2014

Petition for Review from the Superior Court in Maricopa County
No. CR2005-008678-001
The Honorable John R. Hannah, Jr., Judge

**REVIEW GRANTED; RELIEF DENIED**

COUNSEL

Office of the Attorney General, Phoenix
By Theodore Campagnolo
*Counsel for Respondent*

Barry Martin Frank, Buckeye
*Petitioner Pro Se*

**MEMORANDUM DECISION**

Presiding Judge Samuel A. Thumma delivered the decision of the Court, in which Judge Maurice Portley and Judge Margaret H. Downie joined.

**T H U M M A**, Judge:

¶1 Petitioner Barry Martin Frank seeks review of the superior court's order denying his petition for post-conviction relief, filed pursuant to Arizona Rule of Criminal Procedure 32.1. Absent an abuse of discretion or error of law, this court will not disturb a ruling on a petition for post-conviction relief. *See State v. Gutierrez*, 229 Ariz. 573, 577 ¶ 19, 278 P.3d 1276, 1280 (2012). Finding no such error, this court grants review but denies relief.

¶2 In 2006, Frank pled guilty to two counts of theft and was placed on probation for four years on both convictions. Conditions of probation included a requirement that Frank pay significant restitution. In 2009, the State petitioned to revoke Frank's probation, alleging he failed to comply with two conditions of probation. After one witness testified at the probation violation hearing, Frank admitted he violated the conditions of his probation as alleged. The court then revoked both of Frank's probation grants and sentenced him to 2.5 years' imprisonment for each count, to be served consecutively. Frank then filed a pro se petition for post-conviction relief after his counsel found no colorable claims for relief. The superior court awarded Frank additional credit for presentence incarceration but summarily dismissed the remaining portions of Frank's petition. Frank now seeks review of that decision. This court has jurisdiction pursuant to Arizona Rule of Criminal Procedure 32.9(c).

¶3 Frank attempts to take issues and arguments from his petition for post-conviction relief and incorporate them by reference into his petition for review. Further, Frank's petition for review contains many references to issues for which he provides little or no supporting argument, no supporting legal authority and no citation to the record. A petition for review may not simply incorporate by reference issues or arguments. Instead, the petition must set forth specific claims, present sufficient argument supported by legal authority and include citation to the record. *See State v. Bortz*, 169 Ariz. 575, 577, 821 P.2d 236, 238 (App. 1991); Ariz. R. Crim. P. 32.5, 32.9(c). "[C]ompliance with Rule 32 is not a mere formality;" a petitioner must "strictly comply" with Rule 32 in order to show an entitlement to relief. *Canion v. Cole*, 210 Ariz. 598, 600 ¶ 11, 115 P.3d 1261, 1263 (2005). Accordingly, this court addresses only those issues for which Frank sets forth specific claims supported by sufficient argument and citation to legal authority and the record, recognizing Frank has abandoned and waived any other claims.

¶4 Frank first argues there was an insufficient factual basis to support his original guilty pleas. If Frank wished to challenge his original

pleas, he had to do so in a timely petition for post-conviction relief. *See* Ariz. R. Crim. P. 32.4(a). Because Frank did not file such a timely petition making such a challenge, and because no potentially applicable exceptions apply, any claim regarding the factual basis of his original guilty pleas is precluded. Ariz. R. Crim. P. 32.2(a)-(b).

¶5 Frank next argues there was an insufficient factual basis to find he violated the conditions of his probation. The factual basis was more than sufficient. The State need only establish a violation of a condition of probation by a preponderance of the evidence. Ariz. R. Crim. P. 27.8(b)(3); *State v. Tulipane*, 122 Ariz. 557, 558, 596 P.2d 695, 696 (1979). Frank admitted he violated condition one of the "white collar" conditions of probation when he entered into a new business enterprise without prior written approval from the probation department. Frank also admitted he violated condition sixteen of his probation when he failed to make the required monthly payments towards restitution and fell delinquent in those payments. A probationer's admission to a failure to comply with the conditions of probation is a sufficient basis upon which to revoke probation. *See State v. Lay*, 26 Ariz. App. 64, 65, 546 P.2d 41, 42 (1976). Given Frank's admissions, there was more than a sufficient factual basis to find Frank violated the terms of his probation.

¶6 Frank next argues his trial counsel was ineffective for various reasons. To state a colorable claim of ineffective assistance of counsel, a defendant must show that counsel's performance fell below objectively reasonable standards and that the deficient performance prejudiced the defendant. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

¶7 Frank argues his trial counsel at the revocation hearing was ineffective when he failed to listen to and/or object to a recorded conversation between Frank and another person that was played at the violation hearing that Frank argues was illegally recorded. Frank offers no authority to support his general claim that the recording was inadmissible in evidence and does not explain how the contents of that recording were prejudicial, especially in light of his admissions. He has, therefore, failed to state a colorable claim for relief on this ground.

¶8 Frank also argues his counsel was ineffective when he failed to cross-examine witnesses. Frank fails to state a colorable claim for relief on this ground because he does not identify any witness counsel failed to

cross-examine, does not explain what counsel should have asked those witnesses or addressed with those witnesses and does not otherwise explain how the failure to cross-examine any witness prejudiced him. Instead, Frank merely complains that anyone who spoke against him was lying.

¶9        One witness testified at the hearing before Frank decided to admit he violated the conditions of his probation. Frank's counsel cross-examined that witness and Frank does not explain how that cross-examination fell below objectively reasonable standards other than to complain that the witness was lying. Further, if Frank is referring to the victims who spoke against him at sentencing, a defendant has no right to confront witnesses at a sentencing hearing. *See State v. Thomas*, 110 Ariz. 106, 109, 515 P.2d 851, 854 (1973). If Frank is referring to the "witnesses" who addressed the court at the violation hearing after Frank admitted his violations, the parties agreed that the remaining witnesses who appeared to testify at the violation hearing could address the court. Two of those witnesses spoke in support of Frank. One witness spoke against Frank. Frank had no right to confront that witness at that time because it was the functional equivalent of addressing the court at sentencing.

¶10        Frank also argues his counsel was ineffective because he offered no defense. If Frank refers to a failure to offer a defense to the original charges prior to Frank's guilty pleas, that claim is precluded because Frank should have raised the issue in a post-conviction relief proceeding after the court initially placed him on probation. If Frank refers to the failure to offer a defense to the allegation that he violated the conditions of his probation, quite apart from Frank admitting violations of those conditions, Frank has failed to identify what defenses counsel should have raised and how the failure to raise those defenses fell below objectively reasonable standards. To merely claim that all the allegations against Frank are false and that everyone who spoke against Frank is lying is not sufficient to present a colorable claim.

¶11        Frank next argues his counsel was ineffective when he allowed people in the courtroom to photograph Frank prior to the sentencing hearing when Frank was in "the line" or on "the chain" with other defendants. The record shows that when Frank's counsel learned that someone may have taken Frank's photograph, counsel alerted court personnel, objected and asked the court to confiscate the cameras and cell phones of the alleged photographers. Frank has failed to state a colorable claim for relief on this ground.

**¶12**      Frank next argues his counsel was ineffective when he failed to present additional mitigating evidence for the court's consideration at sentencing. Because Frank does not identify what additional mitigating evidence counsel should have provided to the court, he has failed to state a colorable claim for relief on this ground.

**¶13**      Frank also argues the imposition of consecutive sentences violated the terms of his plea agreement and that the sentences were excessive in general and pursuant to the terms of his plea agreement. There is nothing in his plea agreement that prevented the imposition of consecutive sentences of 2.5 years' imprisonment if his probation grant was revoked and there is nothing to suggest those sentences are excessive. Frank has failed to state a colorable claim for relief on this ground.

**¶14**      Frank next contends the prosecutor engaged in misconduct and that the prosecution was selective and vindictive. Because Frank fails to identify any recognized form of misconduct on the part of the prosecutor or provide any basis to suggest his prosecution was vindictive and/or selective, Frank has failed to state a colorable claim for relief on this ground.

**¶15**      Finally, Frank argues the court erred when it failed to allow witnesses to speak on Frank's behalf at sentencing. He also asserts the court erred when it considered the materials and information identified at sentencing because that information was so unfavorable to Frank. Frank, however, does not identify any witness the court refused to allow to speak on his behalf and does not identify what information those unidentified witnesses could have provided. Further, the record shows the court did not refuse to allow anyone to speak on Frank's behalf at sentencing. Moreover, Frank offers no legal reason why the court could not consider the materials and information the court considered for sentencing purposes. Frank has, therefore, failed to state a colorable claim for relief on these grounds.

**¶16**      While Frank's petition for review and reply present additional issues for which Frank arguably provides sufficient support, Frank did not raise those issues in the petition for post-conviction relief filed with the superior court. A petition for review may not present issues that petitioner did not first raise with the superior court. *See Bortz*, 169 Ariz. at 577, 821 P.2d at 238; Ariz. R. Crim. P. 32.9(c)(1)(ii). Further, this court will not consider arguments or issues first raised in a reply. *See State v. Watson*, 198 Ariz. 48, 51 ¶ 4, 6 P.3d 752, 755 (App. 2000). Accordingly, all other issues Frank references in his petition for review and reply that are not otherwise addressed above are deemed abandoned and waived because Frank failed

to provide sufficient argument and/or citation to both legal authority and the record.

¶17        This court grants review and denies relief.



Ruth A. Willingham · Clerk of the Court
FILED: gsh