NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

JOSE MARIANO MEJIA, *Appellant.*

No. 1 CA-CR 16-0657
FILED 4-27-2017

Appeal from the Superior Court in Maricopa County
No. CR2013-454146-001 DT
The Honorable Charles Donofrio, Judge *Pro Tempore*, Retired

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Kevin D. Heade
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James P. Beene delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Margaret H. Downie joined.

---

**B E E N E,** Judge:

**¶1**　　　This appeal was timely filed in accordance with *Anders v. California*, 386 U.S. 738 (1967) and *State v. Leon*, 104 Ariz. 297 (1969) following the revocation of Jose Mariano Mejia's probation. Mejia's counsel searched the record on appeal and found no arguable question of law that is not frivolous. *State v. Clark*, 196 Ariz. 530 (App. 1999). Mejia was given the opportunity to file a supplemental brief *in propria persona* but did not do so. Counsel now asks this Court to search the record for fundamental error. After reviewing the entire record, we affirm.

## FACTS AND PROCEDURAL HISTORY[1]

**¶2**　　　In 2013, Mejia pled guilty to aggravated assault and possession or use of dangerous drugs, and was sentenced to a term of 9 months' imprisonment to be followed by 3 years' probation. As a condition of Mejia's probation, he was required to participate in substance abuse screening, counseling and treatment. After Mejia's release, he failed to comply with the terms of his probation, and his case was elevated to intensive probation. During three separate probation check-ins on July 29, 2015, August 26, 2015, and January 13, 2016, Mejia admitted to using methamphetamine. On April 7, 2016, Mejia's probation officer filed a petition to revoke his probation for possession and use of illegal drugs.

**¶3**　　　After a three-day probation hearing, the superior court revoked Mejia's probation and imposed the presumptive term of 2.5 years in prison, with a presentence incarceration credit of 215 days. Mejia timely appealed. We have jurisdiction pursuant to Article 6, Section 9 of the

---

[1]　　　We view the facts in the light most favorable to upholding the jury's verdict and resolve all inferences against Mejia. *See State v. Fontes*, 195 Ariz. 229, 230, ¶ 2 (App. 1998).

Arizona Constitution, and Arizona Revised Statutes ("A.R.S.") sections 12-120.21(A)(1) (2017), 13-4031 (2017) and 13-4033(A)(1) (2017).[2]

## DISCUSSION

**¶4**        The record reflects Mejia received a fair hearing.  He was represented by counsel at all stages of the proceedings against him, and was present at all critical stages.  The superior court did not conduct a voluntariness hearing; however, the voluntariness of Mejia's incriminating statements to his probation officer were not raised at trial, nor does the evidence suggest Mejia's statements were involuntary.  *State v. Fassler*, 103 Ariz. 511, 513 (1968).

**¶5**        The State presented evidence sufficient to find by a preponderance of the evidence that Mejia violated the terms of his probation.  Ariz. R. Crim. P. 27.8(b)(3).  The probation officer testified that Mejia admitted to using methamphetamine while on probation, and Mejia confirmed those admissions in writing three times.  Although the only evidence of Mejia's probation violations were his own admissions, there is no need for independent, corroborating evidence of his confession to revoke probation.  *See State v. Lay*, 26 Ariz.App. 64, 65 (1976).  We do not reweigh the evidence.  *State v. Guerra*, 161 Ariz. 289, 293 (1989).  The court properly considered mitigating factors before sentencing Mejia to the presumptive sentence.

## CONCLUSION

**¶6**        We reviewed the entire record for reversible error and find none; therefore, we affirm the revocation of probation and resulting sentence.

**¶7**        After the filing of this decision, defense counsel's obligation pertaining to Mejia's representation in this appeal will end.  Defense counsel need do no more than inform Mejia of the outcome of this appeal and his future options, unless, upon review, counsel finds "an issue appropriate for submission" to the Arizona Supreme Court by petition for review.  *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984).  On the Court's own motion, Mejia has 30 days from the date of this decision to proceed, if he wishes, with a *pro per* motion for reconsideration.  Further, Mejia has 30

---

[2]        Absent material revisions after the date of an alleged offense, we cite a statute's current version.

days from the date of this decision to proceed, if he wishes, with a *pro per* petition for review.



AMY M. WOOD • Clerk of the Court
FILED:  AA