This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                  **NO. A-1-CA-35689**

**ARACELIA SALINAS,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Mark T. Sanchez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Maha Khoury, Assistant Attorney General
Santa Fe, NM

for Appellee

Templeman and Crutchfield
C. Barry Crutchfield
Lovington, NM

for Appellant

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     In December 2014 Defendant Aracelia Salinas pleaded guilty to one count of distribution of marijuana or synthetic cannabinoids in violation of NMSA 1978, Section 30-31-22(A)(1)(a) (2011), a fourth degree felony. After sentencing Defendant to the maximum period of incarceration, the district court suspended Defendant's sentence and placed her on supervised probation. While Defendant was still on probation, the State filed a petition to revoke Defendant's probation based on an alleged violation of the terms and conditions of her probation. Following a probation revocation hearing, the district court found that Defendant had violated her conditions of probation, revoked probation, and sentenced Defendant to the remainder of her sentence plus one additional one year of incarceration as a habitual offender. Defendant appeals from that decision, arguing that the district court abused its discretion in finding that Defendant had violated the terms and conditions of her probation. We affirm.

{2}     Because this is a memorandum opinion and the parties are familiar with the facts of this case, we reserve discussion of facts where pertinent to our analysis.

**DISCUSSION**

**Standard of Review**

{3}     "We review a district court's decision to revoke probation under an abuse of discretion standard. To establish an abuse of discretion, it must appear [that] the

district court acted unfairly or arbitrarily, or committed manifest error." *State v. Green*, 2015-NMCA-007, ¶ 22, 341 P.3d 10 (alterations, internal quotation marks, and citation omitted). In a probation revocation proceeding, the state bears the burden of proving a probation violation "with a reasonable certainty," meaning "such that a reasonable and impartial mind would believe that the defendant violated the terms of probation." *Id.* "Proof of a probation violation need not be established beyond a reasonable doubt." *Id.* In reviewing a challenge to the sufficiency of the evidence supporting revocation, we "view[] the evidence in a light most favorable to the [s]tate and indulg[e] all reasonable inferences in favor of the [district] court's judgment." *State v. Erickson K.*, 2002-NMCA-058, ¶ 21, 132 N.M. 258, 46 P.3d 1258.

**The Alleged Probation Violation and Proof Thereof**

{4}    The State petitioned to revoke Defendant's probation based on a report of probation violation by Defendant's probation officer, Christopher Betsch, containing an allegation that Defendant violated the special condition of probation prohibiting her from possessing "synthetic cannabinoids or counterfeit synthetic cannabinoids." Betsch's report explained that on January 8 and 19, 2016, the Lea County Drug Task Force conducted an undercover investigation at Defendant's place of business, Smokers Outlet, and that on those dates, Defendant "was in possession of and

3

distributed counterfeit synthetic cannabinoids and rolling papers to an undercover agent."

{5} At Defendant's probation revocation hearing, the undercover agent involved testified that he purchased from Defendant four two-gram bags of "Dr. Feelgood potpourri" and rolling papers for $122.50 on January 8, 2016, and two five-gram bags of "Dr. Feelgood potpourri" and rolling papers for $131.07 on January 19, 2016. Defendant's prior probation officer, Yadira Serrano, testified regarding the explanations she provided to Defendant at the time Defendant started her probation about the specific types of substances Defendant was prohibited from possessing under the terms and conditions of her probation. Finally, Samuel Titone, a forensic analyst in drug identification with the New Mexico Department of Public Safety Forensic Laboratory, provided expert testimony regarding the chemical composition of the substance he extracted from the material contained in the "Dr. Feelgood potpourri" bags, which he identified as "5-fluoro-ADB." Specifically, Titone testified that 5-fluoro-ADB has one of the known basic structures—known as an indozole—of a synthetic cannabinoid and that he would consider 5-fluoro-ADB to be a synthetic cannabinoid Based on the evidence presented at the hearing, the district court concluded that Defendant had violated the special condition of her probation,

4

prohibiting her from possessing synthetic cannabinoids or counterfeit synthetic cannabinoids.

{6}     On appeal, Defendant does not dispute that she sold the identified substances to the undercover agent, and therefore possessed "Dr. Feelgood potpourri" as alleged in the revocation petition. She argues only that the State failed to meet its burden with respect to proving (a) that "the substance involved was a synthetic cannabinoid[,]" and (b) that Defendant "had any knowledge [that] the contents of the items sold . . . contain[ed] any improper substance." Ignoring that the State sought revocation based not on an alleged violation of generally applicable law but on the special condition against possession of "synthetic cannabinoids or counterfeit sfynthetic cannabinoids," Defendant focuses on the State's stipulation that the "Dr. Feelgood potpourri" contained no substance listed in the Controlled Substances Act (CSA), NMSA 1978, §§ 30-31-1 to -41 (1972, as amended through 2015), as somehow establishing that the State failed to meet its burden of proof required to establish a probation violation. Specifically, Defendant argues that 5-fluoro-ADB was not one of the chemical compounds listed in either Section 30-31-6(C)(19) (identifying specific chemical designations of substances considered to be "synthetic cannabinoids"), or 16.19.20.65(C)(35) NMAC (supplementing the list of chemical compounds deemed

"synthetic cannabinoids"), at the time of Defendant's alleged probation violation,[1] meaning that Defendant was not on notice that possessing or distributing a substance containing the chemical compound 5-fluoro-ADB was "unlawful." In other words, Defendant contends that in the absence of the State proving that she (1) possessed a controlled substance—to wit, a "synthetic cannabinoid" as expressly identified in the CSA—*and* (2) knew that she possessed a controlled substance, the State could not establish that she violated a condition of probation. Defendant is wrong.

{7}     Defendant fails to both appreciate the distinguishable nature of the instant proceeding against her (i.e., revocation of probation as opposed to conviction for a new offense) and address her arguments to the relevant legal issues in this case: whether the State sufficiently established that Defendant (a) had fair warning that her conduct constituted a violation of probation, and (b) violated not the law generally but the particular condition of probation alleged by the State. *See State v. Doe*, 1986-NMCA-019, ¶ 9, 104 N.M. 107, 717 P.2d 83 ("[I]t is an essential component of due process that individuals be given fair warning of those acts which may lead to a loss of liberty." (internal quotation marks and citation omitted), *abrogated on other grounds by State v. Erickson K.*, 2002-NMCA-058, ¶¶ 19-20, 132 N.M. 258, 46 P.3d 1258); *see also State v. Parsons*, 1986-NMCA-027, ¶ 19, 104 N.M. 123, 717 P.2d 99

---

[1] 5-fluoro-ADB was, in fact, added to 16.19.20.65 NMAC in October 2016. See 16.19.20.65(C)(35)(ii) NMAC (10/16/16).

("A defendant's probation may be revoked if, after a hearing, it is established that he has failed to comply with a condition of his probation.); *Maes v. State*, 1972-NMCA-124, ¶ 7, 84 N.M. 251, 501 P.2d 695 ("Conviction of a subsequent offense is not a prerequisite for revocation of probation."). Initially complicating our review, the State's answer brief also fails to meaningfully address the narrow issues presented and instead engages in unnecessary construction of the term "synthetic cannabinoid" as used in the CSA—unnecessary because the State conceded at the revocation hearing that it was *not* trying to prove that "Dr. Feelgood potpourri" was a controlled substance (i.e., "synthetic cannabinoid") under the CSA.

{8}     We turn our attention to the dispositive questions in this case left unanswered by the parties: first, did the State meet its burden of proving that Defendant had fair warning that possession of "Dr. Feelgood potpourri" would constitute a probation violation? And, if so, did the State also meet its burden of proving that Defendant violated the special condition of her probation prohibiting her from possessing "synthetic cannabinoids or counterfeit synthetic cannabinoids"? We answer "yes" to both questions.

**A.     Defendant Had Fair Warning That She Was Prohibited From Possessing "Dr. Feelgood Potpourri" Under the Special Conditions of Her Probation**

{9}     "In determining whether there is a [probation] violation, we look to the [district] court's order [of probation]." *State v. Martinez*, 1972-NMCA-135, ¶ 4, 84 N.M. 295,

502 P.2d 320. The order of probation establishes what the terms and conditions of probation are and, importantly, provides notice to the defendant of the conditions with which he or she must comply in order to retain the privilege of clemency that the district court has granted. *See State v. Dinapoli*, 2015-NMCA-066, ¶ 7, 350 P.3d 1259 (explaining that "[n]otice is an issue to the extent it bears upon whether it was reasonable for [the d]efendant to have believed that he was not violating the terms of his probation"); *Doe*, 1986-NMCA-019, ¶ 9 ("[I]t is an essential component of due process that individuals be given fair warning of those acts which may lead to a loss of liberty." (internal quotation marks and citation omitted)); *cf. State v. Baros*, 1968-NMSC-001, ¶ 13, 78 N.M. 623, 435 P.2d 1005 (explaining that where a sentence "does not set out terms or conditions of probation, . . . [the defendant] could not violate any of its terms"). Where, as here, Defendant contends that she did not have sufficient notice that possession of a certain item would constitute a violation of the terms of her probation, "we analyze the sufficiency of the notice [contained in the relevant order and supporting documents] to ascertain whether it enables a reasonable person to believe that [the d]efendant's possession of the [item] would constitute a violation of the" order of probation. *Dinapoli*, 2015-NMCA-066, ¶ 13; *see State v. Lynn C.*, 1987-NMCA-146, ¶ 5, 106 N.M. 681, 748 P.2d 978 (relying on an express prohibition against smoking contained in the "home rules" of the group home where

the defendant resided as providing "sufficient prior notice that smoking could result in revocation of [the defendant's] probation").

{10} Here, the district court's order of probation, in pertinent part, provided that Defendant (1) "will not violate any laws or ordinances of the State of N[ew] M[exico]" and (2) "will not buy, sell, consume, possess or distribute any controlled substances or illegal synthetic substances." These conditions reasonably put Defendant on notice that she was not to distribute and/or possess not only controlled substances—including marijuana and synthetic cannabinoids as defined in the CSA, *see* § 30-31-22, -23—but also any counterfeit controlled substances, controlled substance analogs, and/or imitation controlled substances. *See* § 30-31-22(C) (criminalizing the creation or delivery of, or the possession with the intent to deliver, counterfeit substances); § 30-31-23(A) (criminalizing the possession of controlled substance analogs); NMSA 1978, §§ 30-31A-1 to -15 (1983, as amended through 2015) (criminalizing under the Imitation Controlled Substances Act, conduct respecting imitation controlled substances). As an additional, special condition of probation, the district court provided in its judgment and sentence that "Defendant shall not possess synthetic cannabinoids or counterfeit synthetic cannabinoids." The question, then, is whether these conditions, construed together, provided Defendant with fair warning that her continued possession and sale of "Dr. Feelgood potpourri"

9

while on probation would constitute a violation of her conditions of probation. *See Dinapoli*, 2015-NMCA-066, ¶¶ 12-14, 22 (relying on general principles of contract construction—including that all parts "must be construed as a harmonious whole"—in determining whether the defendant had sufficient notice of particular conditions of his probation under the provisions of his sex offender contract (internal quotation marks and citation omitted)).

{11}     As discussed previously, Defendant effectively argues that she was only on notice that she was prohibited from possessing substances containing the specific chemical compounds designated as "synthetic cannabinoids" under the CSA. Defendant ignores that the special condition contained in the judgment and sentence imposed on Defendant an additional prohibition beyond those generally imposed under the law. *See State v. Baca*, 2004-NMCA-049, ¶ 17, 135 N.M. 490, 90 P.3d 509 ("A court may impose reasonable conditions that deprive the offender of some freedoms enjoyed by law-abiding citizens." (alteration, omission, internal quotation marks, and citation omitted)); *cf. Doe*, 1986-NMCA-019, ¶ 13 (concluding that the state failed to prove that the defendant had fair warning that particular conduct would violate the conditions of his probation where the formal probation agreement failed to enumerate particular restrictions and the defendant's conduct was not a criminal offense, meaning notice could not be imputed). Particularly in light of the underlying

charge to which Defendant pleaded guilty—distribution of marijuana or synthetic cannabinoids—and the fact that the district court had already imposed the aforementioned general conditions against unlawful conduct, we conclude that a reasonable person would understand the special condition against possession of "synthetic cannabinoids and counterfeit synthetic cannabinoids" to expand upon the general prohibition against controlled substances—including synthetic cannabinoids—contained in the district court's order of probation. *See Dinapoli*, 2015-NMCA-066, ¶ 13. In other words, a reasonable person would have known that the conditions of probation imposed in this case were intended to prohibit possession of "synthetic cannabinoids" beyond those expressly identified by statute and/or regulation. We thus reject Defendant's argument that the State was restricted to proving that the substance she possessed is a controlled substance under the CSA in order to establish the alleged probation violation.

{12} To determine whether the special condition prohibiting Defendant from possessing "synthetic cannabinoids or counterfeit synthetic cannabinoids" provided Defendant fair warning that her continued sale of "Dr. Feelgood potpourri," in particular, could be considered a probation violation, we turn to other evidence adduced at the revocation hearing. Specifically, we consider probation officer Serrano's testimony regarding the explanation she provided to Defendant regarding

the prohibitions contained in Defendant's conditions of probation in determining whether Defendant had sufficient notice of the prohibitions. *See Green*, 2015-NMCA-007, ¶¶ 23, 26.

{13} Serrano testified that when she went over the terms and conditions of Defendant's probation with Defendant—including those contained in the district court's judgment and sentence—she explained to Defendant that Defendant "was not to possess . . . marijuana or spice of any blend, *whether it be legal or illegal.*" (Emphasis added.) Serrano testified that she explained it that way because "there's too many blends" and "the formulas change every day." Serrano also explained that when she learned that Defendant owned a smoke shop, she additionally informed Defendant that Defendant would "not be[] able to sell what she was [selling] before." The record establishes that "Dr. Feelgood potpourri" was one of the items seized from Defendant and specifically identified in the criminal complaint against Defendant that led to Defendant's guilty plea and, subsequently, the probation order at issue in this case. Finally, Serrano testified that she explained to Defendant that she could not have "anything, any sort of synthetic, whether it be . . . potpourri, . . . spice, . . . K-9" and that Defendant "seemed to understand it's all basically the same thing, they just go by different names." Notably, Defendant did not dispute that she received these explanations from Serrano. *Cf. State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M.

12

604, 775 P.2d 1321 ("Once the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance.").

{14} In light of all this, Defendant's contention that she was not afforded sufficient notice of what she was prohibited from possessing is simply unavailing. *See Green*, 2015-NMCA-007, ¶¶ 21-26 (rejecting the defendant's argument that a condition prohibiting "possession of sexual images" was "overly vague" and relying, in part, on the testimony of the defendant's probation officer regarding what he told the defendant he was prohibited from possessing to conclude that sufficient evidence supported revocation of the defendant's probation). We hold that Defendant had fair warning, under the applicable reasonable person standard, that she was not to possess "Dr. Feelgood potpourri" under the terms and conditions of her probation and that here possession thereof would constitute a violation of probation.

**B.     The State Presented Sufficient Evidence to Establish That Defendant Violated a Condition of Her Probation**

{15} Having concluded that a reasonable person would have known that possessing "Dr. Feelgood potpourri" was a violation of the special condition of probation, we need only determine whether the State produced evidence "sufficient for a reasonable mind to conclude that Defendant violated this condition of [her] probation" in order to affirm the district court's revocation of her probation. *State v. Leon*, 2013-NMCA-

011, ¶ 39, 292 P.3d 493. We conclude that the State did so with the testimony of the undercover agent who testified that he purchased "Dr. Feelgood potpourri" from Defendant on two occasions in January 2016, which testimony Defendant has never challenged.

**CONCLUSION**

{16}     For the foregoing reasons, we affirm the revocation of Defendant's probation.

{17}     **IT IS SO ORDERED.**

_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**

_____
**M. MONICA ZAMORA, Judge**

_____
**HENRY M. BOHNHOFF, Judge**