This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37990**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**WAYNE LEVALDO,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela J. Jewell, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Gregory B. Dawkins, Assistant Attorney General
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

**{1}** Defendant Wayne Levaldo, appeals from the district court's order revoking his probation. We issued a notice of proposed summary disposition proposing to affirm, and Defendant has responded with a memorandum in opposition. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}** We review the district court's decision to revoke probation under an abuse of discretion standard. *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. "In a probation

revocation proceeding, the [s]tate bears the burden of establishing a probation violation with a reasonable certainty." *Id.*; *see State v. Sanchez*, 2001-NMCA-060, ¶ 13, 130 N.M. 602, 28 P.3d 1143 (stating that a probation violation must be proved to a reasonable certainty, such that a reasonable and impartial mind would believe that the defendant violated the terms of probation). Additionally, the State bears the burden of proving that the violation was willful. *See In re Bruno R.*, 2003-NMCA-057, ¶ 11, 133 N.M. 566, 66 P.3d 339 (stating that "[t]o establish a violation of a probation agreement, the obligation is on the [s]tate to prove willful conduct on the part of the probationer so as to satisfy the applicable burden of proof.").

{3}     We understand the facts relevant to this issue as follows. Defendant's probation officer, Megan Haines, testified at the revocation hearing that Defendant was required to adhere to a 6:00 p.m. curfew, but the curfew was extended to 10:00 p.m. if he was attending Narcotics Anonymous (NA) or Alcoholics Anonymous (AA). [DS 7] Evidence was introduced that Defendant had been out past 6:00 p.m., and Ms. Haines testified that Defendant admitted to having gone out to see a movie which lasted until 8:00 p.m. [DS 7] Defendant testified at the revocation hearing that he attended the movie with a person whom he was sponsoring as part of NA. [DS 8] Defendant testified that his sponsee communicated that he was experiencing an addiction crisis and needed a distraction. [DS 8] Defendant then suggested that the two attend a movie, which they did, and the movie ended around 8:00 p.m. [DS 8] Defendant also testified that he believed that this activity was sufficiently related to his NA activities as to fall within the parameters of the later curfew. [DS 8]

{4}     Defendant continues to argue that the evidence was insufficient to revoke his probation because the violation was not willful. [MIO 4, 7-8] With respect to the requirement of willfulness, "[o]nce the state offers proof of a breach of a material condition of probation, the defendant must come forward with evidence to excuse non-compliance." *State v. Martinez*, 1989-NMCA-036, ¶ 8, 108 N.M. 604, 775 P.2d 1321. Here, by introducing evidence that Defendant was out past his curfew of 6:00 p.m. attending a movie, the State presented sufficient evidence of a willful probation violation to shift the burden to Defendant. *See State v. Aslin*, 2018-NMCA-043, ¶ 9, 421 P.3d 843 ("[O]nce the state establishes to a reasonable certainty that the defendant violated probation, a reasonable inference arises that the defendant did so willfully, and it is then the defendant's burden to show that failure to comply was either not willful or that he or she had a lawful excuse."), *rev'd on other grounds*, ___ P.3d ___ (No. S-1-SC-36999, Dec.12, 2019); *State v. Parsons*, 1986-NMCA-027, ¶ 25, 104 N.M. 123, 717 P.2d 99 (noting that it was the state's burden to prove that the defendant violated probation by not paying probation fees and costs, and once the state did so, it was the defendant's responsibility to demonstrate that non-compliance was not willful).

{5}     Defendant contends that he did not willfully violate his probation because  by attending a movie with a sponsee in crisis, he was fulfilling his duties as a member of NA, and he had been ordered by the district court to participate in NA. [MIO 6-8] Defendant argues that sponsorship of new members is part of full participation in AA and NA and requires a sponsor to do whatever is necessary to help a sponsee maintain

sobriety. [MIO 6] Defendant argues that under these circumstances, he believed he was acting in accordance with the district court's directives, and thus, did not intentionally violate his probation. [MIO 7-8]

**{6}** However, the only evidence presented by Defendant to excuse his non-compliance with the curfew restriction was his own testimony. This presented an issue of credibility for the district court to decide, and the district court was not required to accept either Defendant's claim that he attended the movie past curfew in order to aid a sponsee in crisis or his statement that he believed that attending a movie with a sponsee in crisis was within the parameters of the later curfew. *See State v. Trujillo*, 2002-NMSC-005, ¶ 31, 131 N.M. 709, 42 P.3d 814 (reasoning that a "fact[-]finder [may] reject the defendant's version of an incident"); *State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and credibility lie); *see also State v. Rojo*, 1999-NMSC-001,¶ 19, 126 N.M. 438, 971 P.2d 829 ("Contrary evidence supporting acquittal does not provide a basis for reversal because the jury is free to reject [the d]efendant's version of the facts.").

**{7}** We therefore conclude that the evidence was sufficient to establish a willful violation of probation. *See Martinez*, 1989-NMCA-036, ¶ 8 ("[I]f [the] defendant fails to carry his burden, then the [district] court is within its discretion in revoking [the defendant's probation].").

**{8}** Defendant next raises two arguments that were not made in his docketing statement: (1) that the revocation of his probation denied him his right to due process under the federal constitution because he was required to participate in NA as a condition of probation, but was not informed that activities related to his sponsorship of newcomers would not be subject to the 10:00 p.m. curfew, and (2) he was denied his rights under Article II, Section 14 of the New Mexico Constitution. [MIO 8-9] We will construe Defendant's addition of these issues in his memorandum in opposition as a motion to amend the docketing statement, which we deny for the following reasons. *See* Rule 12-208(F) NMRA.

**{9}** We first note that both these new arguments rely on an assumption that the district court believed Defendant when he said that he violated the curfew because he was attending a movie with an NA sponsee. As discussed, the district court was not required to believe Defendant's testimony and apparently did not. However, even assuming the district court accepted Defendant's account of the reason he violated his curfew, the record does not support Defendant's assertion that he was not provided with notice that the 10:00 p.m. curfew did not apply to all NA related activities. *See State v. Dinapoli*, 2015-NMCA-066, ¶ 7, 350 P.3d 1259 (explaining that "[n]otice is an issue to the extent it bears upon whether it was reasonable for [the d]efendant to have believed that he was not violating the terms of his probation"). We analyze the sufficiency of the notice by reviewing the probation condition to determine whether it would allow a reasonable person to believe that the conduct in question would constitute a violation of probation. *See id.* ¶ 13.

**{10}** The amended order of probation, signed by Defendant, contains the following provision:

> Dedendant's [sic] curfew shall be 6 p.m. However, Defendant ma[y] exceed this curfew up and until 10 p.m. any day of the week for attendance at NA/AA meetingss [sic] ONLY. Defendant shall not need to receive advanced approval for attendance at these meetings. Defendant shall not engage in any other activities outside of his home other than travel to and from NA/AA meetings and attendance of said meetings after 6 p.m.

[RP 238] This language states in clear terms that the 10:00 p.m. curfew only applied to attendance at and travel to and from NA/AA meetings, but that a curfew of 6 p.m. applied to all other activities. The amended order of probation also advised that a violation of any of the conditions of probation contained in the order could result in a revocation of probation. [RP 238] This language is sufficient to inform a reasonable person that NA/AA activities other than meetings were not subject to the 10:00 p.m. curfew. We therefore deny the motion to amend to add this issue because it is not viable. *See State v. Lynn C.*, 1987-NMCA-146, ¶ 5, 106 N.M. 681, 748 P.2d 978 (finding no due process violation in the revocation of probation where the probationer was given sufficient prior notice of the proscribed acts); *see State v. Ibarra*, 1993-NMCA-040, ¶ 13, 116 N.M. 486, 864 P.2d 302 (denying the motion to amend the docketing statement where the issue the defendant sought to raise was not viable).

**{11}** We also deny the motion to amend to add Defendant's argument that the revocation of his probation violated his rights under Article II, Section 4 of the New Mexico Constitution, which guarantees the right "of seeking and obtaining safety and happiness." Defendant has not explained how this issue was preserved below, nor does the record indicate that this issue was raised in the district court. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."); *see also State v. Gomez*, 1997-NMSC-006, ¶ 22, 122 N.M. 777, 932 P.2d 1 (observing that an issue is preserved under the New Mexico Constitution by asserting the constitutional principle that provides the protection sought, establishing the essential factual underpinnings, and fairly invoking a ruling by the district court). We therefore do not consider the argument on appeal. *See State v. Leon*, 2013-NMCA-011, ¶ 33, 292 P.3d 493 ("We generally do not consider issues on appeal that are not preserved below." (internal quotation marks and citation omitted)); *see also Ibarra*, 1993-NMCA-040, ¶ 13.

**{12}** For these reasons, we affirm the district court's order revoking Defendant's probation.

**{13} IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Chief Judge**

**BRIANA H. ZAMORA, Judge**