NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee*,

*v.*

BRANDON MAYOL, *Appellant*.

No. 1 CA-CR 20-0484
FILED 8-12-2021

Appeal from the Superior Court in Mohave County
No. S8015CR201700869
The Honorable Derek C. Carlisle, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Brian Coffman
*Counsel for Appellee*

Janelle A. McEachern Attorney at Law, Chandler
By Janelle A. McEachern
*Counsel for Appellant*

---

## MEMORANDUM DECISION

Judge James B. Morse Jr. delivered the decision of the Court, in which Presiding Judge D. Steven Williams and Judge David B. Gass joined.

---

**M O R S E**, Judge:

¶1        Brandon Mayol appeals the revocation of his probation and the resulting imposition of sentence.  For the following reasons, we affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        In 2018, Mayol pleaded guilty to attempted-sexual exploitation of a minor, a class 3 felony and dangerous crime against children.  The superior court suspended imposition of sentence and placed Mayol on lifetime probation.

¶3        The following year, a detective with the Kingman Police Department ("Detective") received an emailed tip report from the National Center for Missing and Exploited Children ("NCMEC").  NCMEC serves law enforcement as a national clearinghouse for child sexual exploitation issues by, among other things, working to reduce online child sexual abuse. The tip report identified an Internet Protocol ("IP") address in Kingman used to upload apparent child pornography to Skype.  The tip report also provided a redacted copy of the uploaded image.  The Detective procured a search warrant and learned the IP address was registered to Mayol's father.  The Detective also discovered a Wi-Fi signal originating from the home Mayol shared with his father.

¶4        Based on the Detective's investigation, Mayol's probation officer confronted Mayol regarding his internet use.  Mayol admitted he used his Xbox and cell phone to view and download online digital pornographic images, including those depicting children.

¶5        The State petitioned to revoke Mayol's probation for violating the following probation conditions: (1) maintain a crime-free lifestyle; (2) do not possess sexually oriented material; and (3) do not "possess, use, or have access to any computer or similar equipment that has internet capability without prior written permission by [Mayol's] Probation Officer."  Mayol denied the allegations, and the court conducted a violation

hearing. Over Mayol's hearsay objection, the court admitted the tip report into evidence.

¶6        The court ultimately found the State proved the alleged violations by a preponderance of evidence. *See* Ariz. R. Crim. P. 27.8(b)(3) ("A [probation] violation must be established by a preponderance of the evidence."). Accordingly, the court revoked Mayol's probation and sentenced him to a mitigated 6.5-year prison term. Mayol appealed, and we have jurisdiction under A.R.S. §§ 12-120.21(A)(1), 13-4031, and -4033(A)(3), (4).

## DISCUSSION

### I.        Mayol's Confession.

¶7        Mayol argues the superior court erred by admitting his confession. He claims his inculpatory statements were involuntary because he lacked "cognitive and comprehension skills . . . ." We decline to address this argument because Mayol did not request a voluntariness hearing or otherwise object to evidence of his confession. *See State v. Tison*, 129 Ariz. 526, 535 (1981) (refusing to consider grounds for suppression not raised at suppression hearing); *State v. Brita*, 158 Ariz. 121, 124 (1988) ("It is highly undesirable to attempt to resolve issues for the first time on appeal, particularly when the record below was made with no thought in mind of the legal issue to be decided."). As a result, we deem this issue waived on appeal.

¶8        Mayol testified that he understood the conditions of his probation prohibited him from accessing pornography, especially child pornography, on the internet. Nonetheless, Mayol contends testimony regarding his mental health and educational difficulties should have compelled the court to suppress the confession *sua sponte*. Mayol cites no authority requiring the court to do so. Indeed, Arizona law does not require a trial court to *sua sponte* conduct a hearing—let alone suppress evidence—when other evidence may raise a mere question as to voluntariness. *State v. Bush*, 244 Ariz. 575, 590, ¶ 62 (2018).

¶9        Finally, nothing in the record suggests the probation officer threatened, coerced, or made promises to Mayol to induce his confession. *State v. Smith*, 193 Ariz. 452, 457, ¶ 14 (1999) ("Coercive police activity is a necessary predicate to the finding that a confession is not voluntary[.] When evaluating coercion, the defendant's physical and mental states are relevant to determine susceptibility to coercion, but alone are not enough to render a statement involuntary.") (internal quotation marks and citation

omitted). On this record, the superior court did not abuse its discretion by failing to *sua sponte* preclude evidence of Mayol's confession. *See Bush*, 244 Ariz. at 590, ¶ 62 ("[I]f a trial court is aware of facts indicating that a confession was involuntary, the court, in its discretion and even absent a request, may order a voluntariness hearing.").

## II.    The Tip Report.

**¶10**         Mayol challenges the superior court's admission of the tip report, arguing the report was inadmissible hearsay.[1]  The State responds that, even if the report was hearsay, it was admissible reliable hearsay at the probation-violation hearing.  We review the admissibility of evidence for an abuse of discretion. *State v. King*, 213 Ariz. 632, 636, ¶ 15 (App. 2006).

**¶11**         We need not decide whether the superior court erred because any possible error in admitting the tip report was harmless.  Error is not harmless if, "without the error, a reasonable [factfinder] could have plausibly and intelligently returned a different" result. *State v. Escalante*, 245 Ariz. 135, 144, ¶ 31 (2018).  Mayol provided a hand-written statement in which he confessed to his probation officer that he accessed pornography and child pornography on the internet in violation of his probation conditions.  And as Mayol recognizes, "[the Detective] could well have testified that he obtained a tip, executed a search report and found contraband.  It was not necessary to admit the Tip Report . . . ."  Mayol's confession was sufficient to prove he violated his probation. *See State v. Lay*, 26 Ariz. App. 64, 65 (1976) (noting that a probationer's admission to a probation officer of a violation is sufficient and does not require corroboration).  Thus, the tip report's admission did not affect the superior court's finding that Mayol violated his probation conditions. *See State v. Bible*, 175 Ariz. 549, 588 (1993) ("Error, be it constitutional or otherwise, is harmless if we can say, beyond a reasonable doubt, that the error did not contribute to or affect the verdict.").

---

[1]     To the extent Mayol separately challenges the tip report's foundation on authenticity grounds, he does not develop any supporting argument. Mayol also summarily implies his Sixth Amendment Confrontation Clause rights were violated. *See* Ariz. R. Crim. P. 31.10(a)(7)(A) ("An appellant's opening brief must set forth . . . contentions with supporting reasons for each contention, and with citations of legal authorities . . . on which the appellant relies.").  We consider these insufficiently argued issues waived and therefore do not address them. *See State v. Carver*, 160 Ariz. 167, 175 (1989).

## CONCLUSION

¶12 Mayol's probation revocation and resulting sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA